# NORTH STAR LUMBER COMPANY, a Corporation, v. A. H. ROSENQUIST.

(151 N. W. 289.)

Defendant signed as surety the promissory note to plaintiff of one Jacobson, maker. To this action, brought against the surety alone, the defense was made that false statements, representations, and concealments as to material facts were made by plaintiff's agent to defendant and because of which he became surety. From a motion for new trial after judgment entered on verdict in defendant's favor, plaintiff appeals, assigning error on instructions alone. *Held:*

Note.—The question of the effect on the liability of a surety or guarantor of the fraud of the pledgee is the subject of a note in 21 L.R.A. 409, and the authorities there reviewed are in harmony with the holding in this case.

Promissory notes — surety on — action against surety only — defense — false statements — misrepresentations — concealment — motion for new trial — instructions — pleadings — issues — theory.

1. That the court did not instruct upon a theory of defense not raised by the pleadings.

Instructions on liability — sufficient in absence of request for further surety — defenses — waiver.

2. That sufficient instructions were given upon the liability of defendant as a surety, in the absence of a request for further instructions on matter not necessarily within the issues presented by the pleadings, but which should have been given had the same been requested, concerning waiver by defendant of said defense by a subsequent promise (if made) to pay the note in any event.

Assignment of error — failure to instruct on waiver — exception.

3. That such assignment of error based on failure to instruct on waiver, even if error, would not warrant a reversal, because the assignment is not based upon any exception taken to the instructions on that ground and must be ignored on appeal.

Instructions— liability of surety — obligee — fraud — concealment — deception — error if any, in favor of appellant.

4. The court could have instructed more strongly in defendant's favor and been within the law governing the liability of a surety to his obligee, where such surety has been induced to become such because of the obligee's fraud, either by fraudulent concealment of material facts or misrepresentation of purported facts. Any error in instructions on this question was error in favor of appellant and not against him.

Opinion filed February 18, 1915.

From a judgment of the District Court of Dickey County, *Allen,* J., plaintiff appeals.

Affirmed.

*A. P. Guy* and *Curtis & Curtis,* for appellant.

A contract of suretyship is one whereby one person engages to be answerable for the debt, default, or miscarriage of another. It is an accessory contract and presupposes the existence of a principal obligation. The surety is a debtor from the beginning, and must see that the debt is paid. 27 Am. & Eng. Enc. Law, 2d ed. 431.

Instructions to the jury must be based upon and be applicable to the pleadings and evidence. 11 Enc. Pl. & Pr. 158, note 1–5 inclusive, 159 and note 1–5 inclusive.

It is error to submit to the jury an issue which is not covered by the pleadings and evidence. 11 Enc. Pl. & Pr. 159, note 6.

Instructions should not be given on any point or matter not within the issues, and not unless there is evidence on which to base them. And where the evidence overthrows the pleading of the party offering it, it is *not* evidence upon which to instruct. 2 Thomp. Trials, § 2309, and note; 11 Enc. Pl. & Pr. 164, and note 4, 165, and note 1.

The charge should not ignore or exclude any material issue. 11 Enc. Pl. & Pr. 190, and note 5, 191 and note 5; Blashfield, Instructions to Juries, §§ 86–88, 92, 97, 100, 103, 104; 2 Thomp. Trials, §§ 2310, 2315, notes 37, 42, 2328; Templin v. Rothweiler, 56 Iowa, 259, 9 N. W. 207; Pigott v. Lilly, 55 Mich. 150, 20 N. W. 879; Bank of Monroe v. Anderson Bros. Min. & R. Co. 65 Iowa, 692, 22 N. W. 929; Whitsett v. Chicago, R. I. & P. R. Co. 67 Iowa, 150, 25 N. W. 104; State v. Myer, 69 Iowa, 148, 28 N. W. 484; Locke v. Priestly Exp. Wagon & Sleigh Co. 71 Mich. 263, 39 N. W. 54.

The giving of an instruction not applicable to the case and prejudicial to either party is ground for reversal, even though the law is correctly stated. The reason is that it injects into the case a point or matter not in issue, and is confusing and misleading to the jury. Banning v. Chicago, R. I. & P. R. Co. 89 Iowa, 74, 56 N. W. 277, 11 Am. Neg. Cas. 521; DeFoe v. St. Paul City R. Co. 65 Minn. 319, 68 N. W. 35; Eggett v. Allen, 106 Wis. 633, 82 N. W. 556; Conrad v. Kelley, 106 Wis. 252, 82 N. W. 141; State v. Swallum, 111 Iowa, 37, 82 N. W. 439; State v. Kissock, 111 Iowa, 690, 83 N. W. 724; Anderson v. Roberts, 112 Iowa, 749, 84 N. W. 928; Bockoven v. Lincoln Twp. 13 S. D. 317, 83 N. W. 335; Strong v. State, 61 Neb. 35, 84 N. W. 410; Thompson v. State, 61 Neb. 210, 87 Am. St. Rep. 453, 85 N. W. 62; Slingerland v. Keyser, 127 Mich. 7, 86 N. W. 390; 11 Enc. Pl. & Pr. 159, and notes 1–5 inclusive, 164, 190, 191; Blashfield, Instructions to Juries, §§ 84, 86, 87, 92, 100, 103, 104; Bank of Monroe v. Anderson Bros. Min. & R. Co. 65 Iowa, 692, 22 N. W. 929; Miller v. Miller, 97 Mich. 151, 56 N. W. 348.

Where parties themselves ignore the pleadings, and litigate and offer evidence on an issue not in the pleadings, the instructions should be based entirely on the *evidence,* as to such matter. Fox v. Utter, 6 Wash. 299, 33 Pac. 354.

The charge of the court should have been upon the question of *fraud as to a surety,* and *not* upon fraud *generally.* 14 Am. & Eng. Enc. Law, 2d ed. 21; 27 Am. & Eng. Enc. Law, 2d ed. 431; 3 Thomp. Trials, §§ 3796, 3807; Ravicz v. Nickells, 9 N. D. 536, 84 N. W. 353.

Where the instructions ignore a material fact, and give an erroneous theory to the jury, it will be held error. Gollobitsch v. Rainbow, 84 Iowa, 567, 51 N. W. 48; Thompson v. Anderson, 86 Iowa, 703, 53 N. W. 418; Eggett v. Allen, 106 Wis. 633, 82 N. W. 556; State v. Swallum, 111 Iowa, 37, 82 N. W. 439; Bockoven v. Lincoln Twp. 13 S. D. 317, 83 N. W. 335; Slingerland v. Keyser, 127 Mich. 7, 86 N. W. 390.

If the extension to pay is attained on a note whose validity is in dispute, the defect is waived and the request and extension of time validates it. 3 Thomp. Trials, §§ 3176A, 3189; Rindskopf Bros. & Co. v. Doman, 28 Ohio St. 516.

An expression of opinion or belief, if it is nothing more and so intended and understood, is not a representation of a fact, and, though false, does not amount to fraud, and a person has no right to rely thereon. 14 Am. & Eng. Enc. Law, 2d ed. 34, 36, and notes 4, 5, 39, and note 4, 206, and notes 4, 5, 109, and note 5, 115, and note 8, 117, and notes, 4, 5, 127, 129, notes 2–6; 3 Thomp. Trials, §§ 3781, 3796, 3807; Shaw v. Gilbert, 111 Wis. 165, 86 N. W. 188; First State Bank v. Borchers, 83 Neb. 530, 120 N. W. 142.

Where a party is so situated that he might, by using ordinary diligence, have become acquainted with his legal rights, and he neglects so to do, his ignorance is voluntary, and he cannot defeat recovery. Storrs v. Barker, 6 Johns. Ch. 166, 10 Am. Dec. 316; Whitsett v. Chicago, R. I. & P. R. Co. 67 Iowa, 150, 25 N. W. 104; State v. Meyer, 69 Iowa, 148, 28 N. W. 484; Wildey v. Crane, 69 Mich. 17, 36 N. W. 734; Drake v. Chicago, R. I. & P. R. Co. 70 Iowa, 59, 29 N. W. 804; Locke v. Priestly Exp. Wagon & Sleigh Co. 71 Mich. 263, 39 N. W. 54; State v. Kissock, 111 Iowa, 690, 83 N. W. 724; Anderson v. Roberts, 112 Iowa, 749, 84 N. W. 928.

The record clearly discloses that the testimony of Martin Jacobson could not be secured at the former trial; that it was new, material evidence, and the court should have granted a new trial. Grant v. Grant, 6 S. D. 147, 60 N. W. 743; Braithwaite v. Aiken, 2 N. D. 57, 49

N. W. 419; Kellogg v. Finn, 22 S. D. 578, 133 Am. St. Rep. 945, 119 N. W. 545, 18 Ann. Cas. 363; Waite v. Fish, 17 S. D. 215, 95 N. W. 928; State v. Laper, 26 S. D. 151, 128 N. W. 476.

*J. A. McKee,* for respondent.

"Fraud is a false representation of fact made with a knowledge of its falsity, or in a reckless disregard to whether it be true or false, with the intention that it should be acted upon by the complaining party, and actually inducing him to act." Knowlton's Anson, Contr. 2d ed. p. 199; Stearns, Suretyship, § 15 (2); 2 Dan. Neg. Inst. § 1309.

To knowingly permit another to act as though the action was confidential, and not state *material facts,* is fraudulent. Bennett v. McMillin, 179 Pa. 146, 57 Am. St. Rep. 591, 36 Atl. 188; Howe v. Martin, 23 Okla. 561, 138 Am. St. Rep. 840, 102 Pac. 128; Shackett v. Bickford, 124 Am. St. Rep. 933, and notes, 74 N. H. 57, 7 L.R.A.(N.S.) 646, 65 Atl. 252; Sockman v. Keim, 19 N. D. 317, 124 N. W. 64; Liland v. Tweto, 19 N. D. 551, 125 N. W. 1032; McCabe v. Desnoyers, 20 S. D. 581, 108 N. W. 341; Fassnacht v. Emsing Gagen Co. 63 Am. St. Rep. 322, note; Powers Dry-Goods Co. v. Harlin, 68 Minn. 193, 64 Am. St. Rep. 460, 71 N. W. 16; Bank of Monroe v. Anderson Bros. Min. & R. Co. 65 Iowa, 692, 22 N. W. 299.

A purchaser has the right to rely on the statements of the seller, although he has other means of ascertaining the truth of the statement. Lewis v. Jewell, 151 Mass. 345, 21 Am. St. Rep. 454, 24 N. E. 52; Fairchild v. McMahon, 139 N. Y. 290, 36 Am. St. Rep. 701, 34 N. E. 779; Andrews v. Jackson, 168 Mass. 266, 37 L.R.A. 402, 60 Am. St. Rep. 390, 47 N. E. 412; Hunt v. Barker, 84 Am. St. Rep. 812, and notes, 22 R. I. 18, 46 Atl. 46; Backer v. Pyne, 130 Ind. 288, 30 Am. St. Rep. 231, 30 N. E. 21; Bullitt v. Farrar, 42 Minn. 8, 6 L.R.A. 149, 18 Am. St. Rep. 485, 43 N. W. 566; Kountze v. Kennedy, 147 N. Y. 124, 29 L.R.A. 360, 49 Am. St. Rep. 651, 41 N. E. 414; Knowlton's Anson, Contr. supra.

When it is sought to review the action of the trial court in giving or refusing instructions, the record must show that exceptions thereto were reserved in proper manner. Charlesworth v. Williams, 16 Ill. 338; Hesler v. Degant, 3 Ind. 501; 2 Cyc. 1049, and cases cited in notes; Paulsen v. Modern Woodmen, 21 N. D. 235, 130 N. W. 231;

Colby v. McDermont, 6 N. D. 495, 71 N. W. 772; Pease v. Magill, 17 N. D. 166, 115 N. W. 260; Grant v. Powers Dry Goods Co. 23 S. D. 195, 121 N. W. 95; Strohn v. Detroit & M. R. Co. 99 Am. Dec. 114, and notes, 23 Wis. 126.

Specific instructions not requested are waived. Thomp. Trials, § 2342; Tetherow v. St. Joseph & D. M. R. Co. 98 Mo. 74, 14 Am. St. Rep. 617, 11 S. W. 310; State v. Haynes, 7 N. D. 352, 75 N. W. 267; Youngblood v. South Carolina & G. R. Co. 60 S. C. 9, 85 Am. St. Rep. 824, 38 S. E. 232; Sudduth v. Sumeral, 61 S. C. 276, 85 Am. St. Rep. 883, 39 S. E. 534; McDonald v. International & G. N. R. Co. 86 Tex. 1, 40 Am. St. Rep. 803, 22 S. W. 939; 38 Cyc. 1603, 1614 (ii); Frye v. Ferguson, 6 S. D. 392, 61 N. W. 161; Nokken v. Avery Mfg. Co. 11 N. D. 399, 92 N. W. 487; Kennedy v. Roberts, 105 Iowa, 521, 75 N. W. 363.

The newly discovered evidence is merely cumulative or impeaching, and contains no new facts, not brought out on the trial. Hayne, New Trials, §§ 87, 90; Josephson v. Sigfusson, 13 N. D. 312, 100 N. W. 703; Goose River Bank v. Gilmore, 3 N. D. 188, 54 N. W. 1032; Arnold v. Skaggs, 35 Cal. 686; Clifford v. Denver, S. P. & P. R. Co. 12 Colo. 125, 20 Pac. 333; Braithwaite v. Aiken, 2 N. D. 57, 49 N. W. 419.

Goss, J. The complaint seeks a recovery on a promissory note signed by defendant and one Jacobson as makers, the action being against defendant, Rosenquist, alone. The answer alleged that defendant signed the note as surety for one Jacobson, and that plaintiff procured his signature thereto under its agreement to assign to defendant a note it held against Jacobson, secured by his chattel mortgage upon eight horses and some crop; in other words, that the plaintiff assigned its chattel security to defendant in consideration of defendant's becoming surety on Jacobson's note to it. Defendant charges that it was represented to him as an inducement for his becoming such surety, that the security on the chattel mortgage was sufficient to protect him, as the horses were of the values stated in said mortgage, and that said mortgage was a first mortgage on the crop and most of said horses; whereas in truth and fact, as plaintiff and its agent then handling the transaction well knew, all of said property was covered by a first

and prior mortgage far in excess of the value of all the property, and the note was virtually wholly unsecured; that said facts plaintiff concealed from and were unknown to defendant, and were discovered by him subsequent to the time he signed and delivered the note. The testimony was sufficient to carry such questions to the jury for their determination. It is admitted that one Hauge, plaintiff's agent, together with Jacobson, its debtor, came to Rosenquist's house, and on certain representations made by Hauge induced defendant to sign the note in suit as a surety, and with the understanding that he would receive a prior note of Jacobson to the company, which note purported to be secured by some eight head of horses and crop mortgage. It is undisputed that under the arrangement then made the company secured defendant's signature as surety, and shortly afterwards delivered the old note and chattel mortgage of Jacobson, running to it as payee, to the defendant. Defendant owed plaintiff nothing, and the debt evidenced by the note in suit was Jacobson's. When first approached in the matter, and for sometime afterwards, defendant refused to sign the note for Jacobson, or at all; and it was only after representations were made to him by Hauge concerning the old note and its purported chattel security that he was finally induced to sign this new note given by Jacobson and due in one year. Some little time afterwards defendant discovered that three of the horses described in the mortgage were dead, and soon the first mortgagees foreclosed on the balance of the property, leaving unsecured the old note he held. It seems that the only reason defendant had for signing the note was to assist Jacobson, with whom he previously had had some business dealings. Jacobson has since absolved himself of his debts by bankruptcy proceedings; hence the suit against defendant alone. The evidence is not only sufficient to establish fraud, but it is convincing that a fraud was actually perpetrated upon the defendant either innocently or intentionally. The jury so found in their general verdict for the defendant. Judgment was entered accordingly, from which, after motion for new trial and judgment notwithstanding the verdict, plaintiff appeals.

To quote from the appellant's brief, "all the errors assigned in this brief relate to exceptions taken to the judge's charge to the jury and to the failure of the court to instruct the jury upon the theory of the case raised by the pleadings, and supported by the evidence introduced

in the case. . . . The record is uncontradicted that the defendant did sign the note as surety for Jacobson." The only exception taken to the instructions is the following: "Plaintiff excepts to all of the instructions to the jury on the ground and for the reason that the defendant's defense is fraud in securing his signature as a surety, and that in the general charge of the court to the jury the court failed to instruct in regard to a surety, basing its charge on the question of fraud, pure and simple, in charging on the theory of the case." On such exceptions plaintiff assigns error: (1) That the court erred in instructing the jury on a theory of defense not raised by the pleadings; and (2) error in not instructing the jury as to the liability of a surety. An inspection of the charge shows the first assignment to be without merit sufficient to warrant extended discussion of it, as the pleadings presented the question of fraud in procuring the signature, as is in fact stated in plaintiff's own exception to the instruction. Under this exception it is also urged that the allegations of fraud are not supported by evidence. We have already expressed ourselves on this feature of the proof contrary to appellant's contention.

The other exception taken, that the court failed to instruct as to the liability of the surety, is indefinite when the charge is considered, and appellant's brief does not make plain his contention. But it is not well taken in any event. The court charged the jury that "if you find that the representative of the plaintiff company represented to Rosenquist certain matters which he knew to be false, and that he made those representations in such a way and under such circumstances as to make a reasonable man to believe that what he stated was true, and the representation so made by him was acted upon, and the person to whom the representation was made, believing it to be true, acts upon the faith of it and suffers damage thereby,—if you find these matters to be true with reference to the transaction between Hauge representing the plaintiff and Rosenquist the defendant, that would vitiate and nullify this note; if you find that to be true by a preponderance of the evidence your verdict under those circumstances would be in favor of the defendant." No request for further instructions was made, and the decision of the case was thus made to turn upon the issues outlined in the complaint; viz., whether defendant signed this note as surety because of the false representations in question. Preceding this instruction the court had,

with reasonable accuracy, defined the claims of the parties, and instructed that the burden was upon the defendant, as the party alleging fraud as a defense, to establish it and the facts constituting the fraud, and unless a preponderance of the evidence established the defense to be true the plaintiff must recover. The instruction fully covered the issues presented by the pleadings. After verdict it seems additional attorneys were engaged to perfect and present this appeal, and then for the first time and on appeal it is urged that there was some testimony in the record concerning whether, even though defendant's signature was procured by fraud, he had waived the fraud and procured an extension of time in which to pay the note and subsequently had promised to pay the note in any event. It is true that Hauge so testified, and that the court did not instruct on waiver. Its omission to cover waiver was probably because there was nothing of the kind mentioned in the pleadings, nor any request made for instructions thereon. It is apparent that the whole question of waiver was an afterthought, because the charge itself is not excepted to because of such omission, and the assignment taken in the belief is thus without any basis upon which to rest. It is elementary that it is not compulsory upon a trial court to present every issue that may be raised by the testimony, without request directing the attention of the court thereto, so long as the main issues, the principal contentions under the pleadings, are intelligibly defined and submitted. Assuming that the point sought to be argued in the brief is before the court, it is untenable.

The court could have instructed much more strongly in defendant's favor, and remained within the law, as to the liability of a surety. 2 Dan. Neg. Inst. § 1309; Bennett v. McMillin, 179 Pa. 146, 57 Am. St. Rep. 591, 36 Atl. 188; Fassnacht v. Emsing Gagen Co. 18 Ind. App. 80, 46 N. E. 45, 47 N. E. 48, 63 Am. St. Rep. 322, and extensive note citing scores of cases; Liland v. Tweto, 19 N. D. 551, 125 N. W. 1032. Under these authorities it was the duty of the plaintiff to abstain from fraudulent representation in procuring defendant's signature as a surety, and fraud with reference thereto could be predicated by defendant upon any fraudulent concealment of material facts known to plaintiff, as well as any false statement by it of material facts to induce defendant to become surety. It was the duty of plaintiff to disclose fully every material fact touching the security in the mortgage as-

signed as the inducement for the signature of defendant to the note. The concealment of something plaintiff ought to have disclosed, as, for instance, the fact that three of the horses covered by the mortgage were dead, or a false representation that the first mortgage was upon but a portion of the property covered by the second, was sufficient to vitiate the note as between these original parties thereto. The judgment is affirmed.