HARRY MOORE, Wade Moore, James D. Moore, Darius Moore, Clayton Moore, and Jennie Scott, Appellants, v. CHARLES W. PALMER, as Executor of the Last Will and Testament of Jessie Lodine Moore, Deceased, Richard Moore, Samuel Moore, Grant Moore, as Executor of the Last Will and Testament of Charles Moore, Deceased, Clemena Newton, and Mary Thompson, Respondents.

(174 N. W. 93.)

**Executors and administrators — allegations in complaint to vacate decree sufficient.**

1. The plaintiffs brought an action in the district court to set aside a cer-

tain decree of distribution of the county court of Barnes county, which decree had been entered more than one year before the bringing of this action. This court has heretofore held that, after the expiration of one year from the entry of the decree of the county court, it is without power or authority thereafter to grant any relief for matters complained of which were determined or disposed of by the decree. Section 8809 of the Compiled Laws of 1913 reads thus: "An action to set aside a decree directing or confirming a sale or otherwise disposing of such property may be instituted and maintained at any time within three years from the discovery of the fraud or other ground upon which the action is based."

The plaintiffs' complaint alleged certain "other grounds" which were claimed to be sufficient to set aside the decree. To the complaint the defendants entered a demurrer which was sustained by the trial court; *held* that the trial court was in error in sustaining such demurrer; *held*, further, that the complaint states facts sufficient to constitute a cause of action.

Opinion filed July 11, 1919.

Appeal from an order of the District Court in and for Barnes County, North Dakota, the Honorable *J. A. Coffey*, Judge, presiding.

Order reversed.

*Jno. D. Farrand* and *Barnett & Richardson*, for appellants.

In order to bar a right of action under § 8809, it must be shown that the plaintiff had actual notice of the decree complained of, and timely opportunity to protect his rights by an appeal. Fisher v. Dolwig, 166 N. W. 793.

"Except as otherwise provided, the validity and interpretation of wills is governed, when relating to real property within this state, by the laws of this state. When relating to personal property by the law of testatrix's domicil." Comp. Laws 1913, § 5739; Pennefield v. Tower, 1 N. D. 216; Crandoll v. Barker, 8 N. D. 263.

"Nor will a presumption be indulged in favor of the validity of the proceedings of a court, when such presumption does violence to the facts as presented by the records of the court." Comp. Laws 1913, §§ 5685, 5686, 5693, 5694.

*Winterer, Combs, & Ritchie*, for respondents.

"The final decree of a county court is of equal rank with judgments entered in other courts of record, and the same presumptions exist in its favor." Fisher v. Dolwig, 29 N. D. 564, 151 N. W. 431.

"In an equitable action to set aside the decree, the plaintiff has the

burden of proof, and must overcome the presumptions in favor of the decree by a fair preponderance of all the evidence." Fisher v. Dolwig (N. D.) 166 N. W. 793.

The failure to allege that the decree complained of was irregularly or unlawfully entered, and that no notice of any kind was in any manner given of the hearing of the petition for final distribution, is fatal to the sufficiency of the plaintiff's complaint. 18 Cyc. 664, note 35.

"An allegation of want of actual notice of the settlement of the account of an administrator, or of the decree of distribution, is unavailing where it appears that the notice provided by the act of assembly has been given." Ferguson v. Yard, 164 Pa. 586, 30 Atl. 517; Ladd v. Weiskopf, 62 Minn. 29, 64 N. W. 99; Paullissen v. Lock, 38 Ill. App. 510.

The complaint must set forth either actual or extrinsic fraud, or it must positively aver that by reason of a wilful failure on the parties charged with that duty to give the plaintiffs lawful notice of the proceedings complained of, the plaintiffs have been deprived of their property. McCaulley v. Dow (Cal.) 63 Pac. 158; Lynch v. Rooney (Cal.) 44 Pac. 565; Hurt v. Hurt, 6 Rich. Eq. (S. C.) 114; McClure v. Miller, 21 Am. Dec. 522; Schaeffner's Appeal, 41 Wis. 260; Sjolie v. Hoganson (N. D.) 122 N. W. 1008.

This provision of the will related to and operated in favor of the surviving uncles and aunts of the testatrix, and such cousins whose parents died after the making of the will in controversy. Comp. Laws 1913, §§ 5704, 5705, 5739; Re Winter, 114 Cal. 186, 45 Pac. 1063; Smith v. Smith, 25 L.R.A.(N.S.) 1045 (for American rule, as declared in this case, see page 1054).

In making them respondents the petitioner simply sought to bring in all parties who might possibly claim to be interested in or entitled to a part of the estate, as well as the surviving immediate relatives of the decedent. Hill v. Lawler (Cal.) 48 Pac. 323; Trescony's Estate (Cal.) 51 Pac. 951; Smith v. Vandepeer (Cal.) 85 Pac. 136; 1 Ross, Prob. Law & Pr. p. 852.

"Whenever the validity of an executed order is drawn in question other than by appeal, writ of error, certiorari, or timely application to the court wherein the order was made, the attack is collateral. Thus actions of ejectment, actions where the title of the party claiming un-

der a sale is attacked, bills in equity to annul sales on any other grounds than fraud, and objections to the final settlement of the executor or administrator, are collateral attacks." 19 Enc. Pl. & Pr. pp. 927, 928, and cases cited; Shane v. Peoples, 25 N. D. 194, 141 N. W. 737.

GRACE, J. This is an appeal from an order of the district court of the county of Barnes sustaining defendants' demurrer to plaintiffs' complaint.

About the 3d day of August, 1910, one Jessie Lodine Moore died; at the time of her death she was a resident in the county of St. Lawrence, state of New York. She left a last will and testament of which Charles W. Palmer was appointed the sole executor. The will was duly proved in the surrogate court of St. Lawrence county and therein duly admitted to probate. Letters testamentary were duly issued to Charles W. Palmer, who duly qualified as such executor and ever since and now is acting in that capacity. At the time of the death of Jessie Lodine Moore, she was seised of certain real and personal property in the county of Barnes, state of North Dakota. The real property consisted of all of Sec. 25, T. 141, R. 57. By the terms of item 2 in the will, the land in Barnes county, North Dakota, was disposed of as follows: "I give, devise, and bequeath my farm in the state of North Dakota, the crops growing thereon, and any other personal property situate thereon in which I have any interest, to the brothers and sisters of my late father, David Moore, share and share alike, and in any instance where a brother or a sister may die prior to my decease leaving a child or children, such child or children shall receive the same share which the parent would have received had such parent been living."

Charles W. Palmer received ancillary letters testamentary in Barnes county. In a petition for such letters, plaintiffs are named with others as legatees. It is alleged in the substance of the complaint that plaintiffs are devisees, legatees, heirs at law, or next of kin of Jessie Lodine Moore, deceased, and entitled to share in her estate; that the plaintiffs Harry Moore, Wade Moore, and James D. Moore are children of James Moore, deceased, who was a brother of the testatrix's father; that James Moore died prior to the testatrix; that Darius Moore and Clayton Moore are children of John Moore, who was a brother of testatrix's father; that John Moore died prior to testatrix; that Jennie

Scott is the daughter of Elizabeth Glanders, who was a sister of testatrix's father; that she died prior to the testatrix.

It appears from the allegations of the complaint that Charles W. Palmer as executor pursuant to authority in the will sold the land in Barnes county for $20,000; he reported the sale thereof to the county court of Barnes county, which sale was by it approved. The balance of the property of the estate in Barnes county was converted into money. On about the 13th day of May, 1916, the executor filed in the county court of Barnes county his final account and petition for final decree of distribution. The final account showed total assets of $20,555.33 and expenditures of $2,800.92, leaving a balance for distribution under the terms of the will of $17,754.41. On the 21st day of August, 1916, the county court of Barnes county made and entered its final decree of distribution, wherein it distributed and gave to the defendants Richard Moore, Samuel Moore, Clemena Newton, Mary Thompson, and Grant Moore, as legatees in the last will and testament of Charles Moore, deceased, the whole of the residue of the estate, share and share alike. No part of the estate by the final decree of distribution was distributed to or given to the plaintiffs herein or either of them, and they were each deprived of their distributive share thereof.

On the 3d day of November, 1916, the county court of Barnes county entered its order closing said estate as to the ancillary proceedings. It is claimed by plaintiffs that they had no actual notice of the entering and making of said final decree of distribution, and of the order closing said estate as to said ancillary proceedings, and no knowledge thereof until about the 20th day of March, 1918.

The foregoing is the substance of the allegations of the complaint. To this complaint the defendants demurred upon three grounds: (1) Because the court has no jurisdiction of the persons of the defendants or the subject-matter of the action; (2) because the court has no jurisdiction of the subject-matter of the action; (3) because the complaint does not state facts sufficient to constitute a cause of action. The court made its order sustaining such demurrer. The reason assigned by the court for sustaining such demurrer was that the complaint did not state facts sufficient to constitute a cause of action. From this order the plaintiffs appeal to this court. The only error assigned in the appeal is the making of the order sustaining the demurrer.

The plaintiffs made no application for a rehearing of the final decree of distribution made on the 21st day of August, 1916. Under the doctrine laid down in the case of Fischer v. Dolwig, 29 N. D. 566, 151 N. W. 431, and Reichert v. Reichert, 41 N. D. 253, 170 N. W. 621, the county court had no authority or power after the expiration of one year to grant the plaintiffs any relief. Plaintiffs claim, however, that they are entitled to relief under § 8809 of the Compiled Laws of 1913. It reads thus: "An action to set aside a decree directing or confirming a sale or otherwise disposing of such property may be instituted and maintained at any time within three years from the discovery of the fraud or other ground upon which the action is based."

Plaintiffs brought this action within that three-year period. The above section may be divided into two parts for the purpose of construction. The first part relates to the setting aside of a decree of the county court directing or confirming a sale on the ground of fraud. It is self-evident that the decree disposing of the property may be set aside if it is tainted by fraud, no matter by whom such fraud was committed nor whether the fraud was actual or constructive.

This case is not predicated upon fraud, and for this reason the decree may not be set aside on that ground. We will confine our discussion to the other part of said section which provides, "or other ground upon which the action is based." What, then, are the other grounds? We can reach but one conclusion with reference as to the meaning of such words, and that is—they mean any other ground which would appeal to the conscience of a court of equity, as where there has been manifest injustice done by entering of said decree or a manifest material mistake therein, etc.

The words, the meaning of which is under consideration, constitute a separate and distinct reason for setting aside such decree for other reasons than that of fraud. It now becomes necessary to determine the meaning of the language used in item 2 of the will, which is quoted above in full. That language means that the property therein described was devised and bequeathed to the brothers and sisters of the testatrix's late father, David Moore, share and share alike, who were living at the time of the death of the testatrix; that is, the brothers and sisters of the testatrix's father would take an equal share of that property if they were living at the time testatrix's death occurred. If, however, any

of them had died prior to the death of the testatrix, then their child or children would receive under the terms of item 2 of the will at the time of the death of the testatrix, the same share which the parent who was the prior legatee under the will would have received had such parent been living at the time of the death of testatrix, when such will would become operative.

This construction of the language of item 2 of the will being correct, the plaintiffs herein, when the will became operative, were entitled to receive the share of the estate described in item 2 which would have been received by the parent if the parent had been living at the time of the death of the testatrix. The complaint alleges plainly that Harry Moore, Wade Moore, and James D. Moore are children of James Moore, deceased, who was a brother of the testatrix's father; that James Moore died prior to the testatrix. A similar allegation is contained in the complaint as to other plaintiffs who are children of another brother and sister of the father of the testatrix. All of these allegations are admitted by the demurrer. The demurrer also admits the allegations of the complaint, that they are entitled to a share in the estate. It also admits that no part of the estate by the final decree of distribution was distributed to or given to the plaintiffs, and that they were deprived of their distributive share thereof. We thus have a case where the plaintiffs, according to the allegations of the complaint, are clearly entitled to a share of the estate, and one where it is admitted by the demurrer they are entitled to a share, and one where it is admitted the estate in which they were entitled to a share was distributed and their share given to others, the defendants herein, who were not entitled under the terms of the will to receive the same. According to the complaint, under the plain terms of the will, the plaintiffs were entitled to their share as defined by the terms of the will. The final decree of distribution totally disregards the provisions of the will. The original petition for probate of the will showed that these plaintiffs were legatees and devisees under the will. The complaint states a perfect cause of action under § 8809 of the Compiled Laws of 1913. It was not necessary that the complaint should allege fraud. It is only necessary to allege fraud where fraud is relied upon; where other grounds "or reasons than fraud are relied upon" it is only necessary to set forth such other grounds and reasons for setting aside the decree.

There remains but one further point to discuss and that is the question of notice. The complaint alleges there was no actual notice or knowledge of the making and entering of the final decree nor of the closing of the estate. The defendants by demurring admit this. To make the matter more plain we may add, however, that the language of § 8809, which says that "an action may be instituted and maintained at any time within three years from the *discovery of the fraud or other ground upon which the action is based,*" means three years from the time when the party seeking to set aside the decree has actual knowledge of the fraud or other ground upon which the action is based. The word "discovery" as used in said section means "to obtain for the first time knowledge of," "to know," "to have ascertained," "to be aware of," "to find out." Actual notice would impart actual knowledge. Knowledge could be acquired without actual notice. Actual knowledge would not be imparted by constructive notice. The Statute of Limitation set forth in § 8809 begins to run from the time of the discovery of or acquirement of actual knowledge of the fraud or other ground for setting aside the decree. Constructive notice will not set said statute in motion, for constructive notice imparts no actual knowledge. In proceedings in the probate court, the law provides in many instances that constructive service is sufficient, and where the law so provides, constructive service is sufficient. There may be, however, exceptions reserved in the law in this regard. It seems certain that § 8809 is one of the exceptions and one of the particular cases in which constructive notice is not sufficient in order to set in motion the Statute of Limitation referred to in said section. It would thus seem certain that the three-year period of time in which to commence an action to set aside the decree for fraud or other ground does not commence to run, by the terms of said section, until actual notice is given or actual knowledge possessed of the fraud or other ground upon which the action is maintained. The section does not say that the action may be maintained any time within three years from the order approving the final decree or from the time of filing or making the final decree, or three years from the time of the order closing the estate, but it says, "three years from the *discovery of the fraud or other ground upon which the action is based,*" and this means three years from the time that one has actual knowledge of facts constituting fraud or facts which constitute other

grounds for setting aside the final decree. The action is one to set aside the decree. It is a direct, and not a collateral, attack upon it. It is one between the parties to the original decree; it is under § 8809 properly maintainable. We have no hesitancy in stating that the complaint states facts sufficient to constitute a cause of action. The demurrer thereto should have been overruled. It was error in the trial court not to do so. The order of the trial court sustaining such demurrer is manifestly entirely wrong, and the same is reversed. The case is remanded to the lower court for further proceedings. The appellant is entitled to statutory costs on appeal.

ROBINSON, J., concurs.

BRONSON, J. I concur in the result.

CHRISTIANSON, Ch. J. (dissenting). I dissent. It is conceded that the final decree of distribution involved in this action was rendered pursuant to legal notice to the plaintiff and other persons interested. The plaintiffs do not deny this. They merely assert that they had no "actual notice of the making and entering of the final decree of distribution and of the order closing said estate." There is no averment of fraud, mistake of fact, or other equitable ground for avoiding the decree. The sole complaint is that the county court made a mistake in determining a question of law properly before it.

The county court is vested with exclusive original jurisdiction in probate and testamentary matters. N. D. Const. § 111. A decree of distribution is a final determination by that court of the rights of the parties to the proceeding. Sjoli v. Hogenson, 19 N. D. 82, 122 N. W. 1008. It is of equal rank with a judgment entered in any other court of record in the state. Fischer v. Dolwig, 29 N. D. 564, 151 N. W. 431. The district courts are vested with original jurisdiction "of all causes both at law and in equity," except as otherwise provided in the Constitution. N. D. Const. § 103. Section 8809, supra, merely recognizes the general jurisdiction of the district court, and limits the time in which an equitable action may be maintained in that court to set aside a decree of the county court directing or confirming a sale or otherwise disposing of property. The rule is well settled that equity will not

grant relief for mere errors of law committed by a court in determining a matter properly before it; nor will it grant relief where the matter might have been litigated there by the exercise of due diligence. Hayne, New Tr. & App. Rev. ed. § 304.

The mistake complained of was one which could have been reviewed and corrected on appeal. Our laws furnish ample means for the review and correction of errors of law committed by a county court, both by motions in such court and by appeal to the district court. Clearly § 8809, supra, was not intended to allow an action to be maintained in the district court to correct errors of law committed by the county court. As was said by this court in Fischer v. Dolwig, 39 N. D. 161, 166 N. W. 797: "While § 8809 of the Compiled Laws of 1913 authorizes an action in the district court to set aside a final decree of the county court for fraud or other equitable ground, it manifestly does not authorize such action to review errors properly reviewable on appeal from the final decree." In his concurring opinion in that case Justice Birdzell said: "The remedy open to a suitor to impeach a judgment for fraud within the time prescribed by § 8809, Comp. Laws 1913, cannot be considered as a mere substitute for an appeal, nor can the statute be given an interpretation which would have the effect of extending the time for appeal."

In his work on Probate Law and Practice, Ross says: "A decree of final distribution, while ordinarily conclusive upon the parties in interest unless appealed from, may nevertheless be vacated or modified on motion in the lower court, at any time within the six months allowed by statute therefor, upon a proper showing of mistake, surprise, inadvertence, excusable neglect, or the like. But after the expiration of six months the probate court has no power to grant relief. Thereafter, the only remedy of the aggrieved party is by an independent suit in equity. The law is settled that the remedy by motion is merely cumulative, and does not displace the jurisdiction of a court of equity to review a decree of distribution, upon a showing that it was procured by extrinsic fraud or mistake, whereby the court and the losing party were imposed upon or misled, and to enforce an involuntary trust against those who have thereby gained an inequitable advantage. *But equity will not grant relief for* . . . mere error." Ross, Prob. Law & Pr. § 544. See also Royce v. Hampton, 16 Nev. 25; Mulcahey v.

Dow, 131 Cal. 73, 63 Pac. 158; Smith v. Vandepeer, 3 Cal. App. 300, 85 Pac. 136; Bacon v. Bacon, 150 Cal. 477, 89 Pac. 317.

BIRDZELL, J., concurs.