BALBINA M. KRANZ, Respondent, v. HERMAN J. TAVIS, Executor of the Last Will and Testament of Martin Kranz, Deceased, and O. M. J. DeMoully, Defendants. O. M. J. DeMOULLY, Appellant.

(192 N. W. 176.)

**Provisions of statute.**

1. Section 8809, Comp. Laws 1913, reads: "No action for the recovery of any estate, sold by an executor or administrator or otherwise disposed of under the provisions of this chapter, can be maintained by any heir or other person claiming under the decedent unless it is commenced within three years next

---

Note.—Time within which action must be brought against executor and administrator, see 11 R. C. L. 213; 17 R. C. L. 718.

after the sale. An action to set aside a decree directing or confirming a sale or otherwise disposing of such property may be instituted and maintained at any time within three years from the discovery of the fraud or other ground upon which the action is based."

**Executors and administrators — law providing limitation within which to bring actions for recovery of real estate sold by executor or administrator and to set aside decree confirming such sale, merely recognizes rule that judgment may be vacated within limitation.**

2. It is *held,* that this section does not create a new remedy, or confer a new right of action, but merely recognizes the existing rule that a judgment may be vacated by an equitable action upon certain grounds, and limits the time in which such action may be brought.

**Executors and administrators — evidence held insufficient to justify interference with final decree of distribution.**

3. For reasons stated in the opinion, it is further *held,* that the evidence in this case does not establish facts justifying interference with a decree of distribution.

Opinion filed December 30, 1922.   Rehearing denied February 20, 1923.

Executions and Administrations, 24 C. J. § 1396 p. 527 n. 93 New; § 1653 p. 663 n. 88; § 1673 p. 676 n. 33 New.

From a judgment of the District Court of Morton County, *Berry, J.,* defendant, O. M. J. DeMoully, appeals.

Reversed.

*Norton & Kelsch,* for appellant.

"It is elementary that the proper way to correct an erroneous judgment of an inferior court is either by an appeal or upon a proper showing made by a proceeding to open or vacate the judgment."   Fisher v. Dolwig, 166 N. W. 797.

Extrinsic or parol evidence is inadmissible to aid the court in the construction and interpretation of a will where the language and the meaning of the terms employed is clear, certain, and definite.   Kahoutek's Estate, 166 N. W. 817.

Appellant's contention is sustained by the accepted meaning and significance of the term "instrument."   Webster defines the term "instrument."   "That by means of which any work is performed or result is effected, or that which is made a means or is caused to serve a purpose; a medium, means or agent," and gives as synonyms therefor, the following: "tools, implements, utensils, machine, apparatus, medium."

This definition has been accepted by the United States and state courts in the following cases: Magnon v. United States, 66 Fed. 151; Lee v. State (Tex.) 40 L.R.A.(N.S.) 1135; Faverham v. Davenport, 34 N. W. 767.

"A party asserting error has the burden of proving it and must present a record affirmatively showing such error." Erickson v. Wiper, 33 N. D. 193.

The construction of a will where it is to be gathered from the will alone or from the will and surrounding circumstances about which there is no dispute is a question of law for the court to determine and is reviewable only by a superior court by the exercise of appellate jurisdiction. 40 Cyc. 1427; Re Peterson, 22 N. D. 460.

"While § 8809 of the Compiled Laws 1913, authorizes an action in the district court to set aside a final decree of the county court for fraud or other equitable ground, it manifestly does not authorize such action to review errors properly reviewable on appeal from the final decree." Fisher v. Dolwig, 166 N. W. 793.

*L. H. Connolly,* for respondent.

In the trial to recover for injuries caused by the use of the X-ray apparatus a person skilled in the use of the apparatus may testify as to the proper mode of its use and the probabilities and possibilities of injury from its improper use. 3 Med. Jur. p. 782; Stewart, Legal Medicine, art. 19, p. 38.

In the case of Henslin v. Wheaton (Minn.) 97 N. W. 882, in defining an X-ray machine the court said: "The so-called X-rays, discovered by Roentgen, have been recognized and known to scientists, both in and out of the medical profession, for some eight years. During this time the apparatus for the generation of the X-rays, together with the fluoroscope, has been used very generally by electricians, professors of physics, skiagraphers, physicians, and others for experimental and demonstrative purposes. *It is a scientific and mechanical appliance,* the operation of which is the same in the hands of the college professors or the physician of the allopathic, homeopathic, or any other school of medicine. It may be applied by any person possessing the requisite scientific knowledge of its properties, and there would seem to be no reason why its application to the human body may not be ex-

plained by any person who understands it." Stewart, Legal Medicine, art. 19, p. 38.

CHRISTIANSON, J. This is an action to set aside the final decree of distribution made and entered by the county court of Morton county, in the estate of Martin Kranz, deceased. The plaintiff is the surviving wife of said deceased. Said Martin Kranz died testate on or about September 27, 1919. His last will and testament, which was admitted to probate by the county court of Morton county, on November 18, 1919, contained the following provision:

"I give and bequeath to my wife, Balbina M. Kranz, all of my possessions, real estate, personal property, life and accident insurance, except medical books and instruments and office equipment which I give and bequeath to my nephew, O. M. J. DeMoully."

At the time of his death said Martin Kranz owned a half interest in an X-ray machine. The final decree of distribution adjudged that such interest be assigned to, and vested in, said O. M. J. DeMoully. The object of this action is to have this part of the final decree of distribution annulled, and to have judgment entered assigning said half interest in said X-ray machine to the surviving wife of said Martin Kranz, deceased. The only oral evidence adduced consisted of the testimony of certain doctors, bearing on the question whether an X-ray machine is, or is not, included within the term office equipment. There is no charge of fraud, and upon the trial it was stipulated, as a fact, that the attorney for the plaintiff in this action "was retained by plaintiff as her attorney in the probate proceedings, and that as such attorney he prepared and filed," various papers, including the final decree of distribution. The following facts are established by the undisputed evidence: Martin Kranz died testate on or about September 27, 1919; his last will and testament contained the provision above set forth; such will and testament was duly admitted to probate on November 18, 1919, and letters testamentary issued to the defendant, Tavis. At the time of his death, Martin Kranz owned a half interest in an X-ray machine. The other half interest was owned by another physician in Mandan. Kranz acquired such interest after his will and testament had been executed. The X-ray machine was not in Kranz's office, but was kept in the Mandan Hospital. On September 13, 1920, the county court

of Morton county duly made and entered its final decree of distribution in the probate proceeding then pending, wherein it adjudged and decreed that the half interest of the said Martin Kranz, deceased, in and to said X-ray machine be assigned to, and vested in, said O. M. J. DeMoully. All the other property was assigned to, and vested in, the plaintiff. On April 25, 1921, the plaintiff made an application to the county court to set aside, and modify the final decree of distribution, so as to provide that the half interest, in said X-ray machine be assigned to, and vested in, the plaintiff, and not in the said DeMoully. The application was denied. No appeal was taken. On August 15, 1921, the plaintiff brought this action. The trial court rendered judgment in favor of the plaintiff, and defendant has appealed.

The question presented is whether the facts stated establish a cause of action, or rather whether these undisputed facts establish as a matter of law that plaintiff has no cause of action here. Plaintiff contends that under the facts stated, she is entitled to challenge the correctness of the provision in the final decree of distribution, which assigned the one-half interest in the X-ray machine, to the defendant, DeMoully. In support of this contention, plaintiff invokes § 8809, Comp. Laws, 1913, and the decision of this court, in Moore v. Palmer, 43 N. D. 99, 174 N. W. 93.

Section 8809, Comp. Laws, reads as follows:

"No action for the recovery of any estate, sold by an executor or administrator or otherwise disposed of under the provisions of this chapter, can be maintained by any heir or other person claiming under the decedent unless it is commenced within three years next after the sale. An action to set aside a decree directing and confirming a sale or otherwise disposing of such property may be instituted and maintained at any time within three years from the discovery of the fraud or other ground upon which the action is based."

This section was considered by this court in Moore v. Palmer, supra, and it appears that the trial court was of the opinion that that decision was controlling in this cause. In a memorandum opinion filed in this case, the trial court said:

"Sec. 8809 of the Comp. Laws of 1913 . . . is the controlling statute on this matter. This section has been construed by our supreme court in the case of Moore v. Palmer, supra. We have carefully ex-

amined this decision and have reached the conclusion that the construc-
tion placed upon the said section of the statute in effect amounts to an
extension of the period of appeal from a determination of the county
court for a period of three years after, especially, the final decree is
entered. . . . The decision of this court is based entirely upon the
construction placed upon said statute by the majority of the supreme
court in the case of Moore v. Palmer."

The writer disagreed with the majority in Moore v. Palmer. He
was of the belief that the complaint in that case failed to state facts
sufficient to constitute a cause of action for vacating the final decree
of distribution. In other words, the writer was of the opinion that the
complaint in that case set forth no equitable grounds for avoiding the
decree of distribution; but, alleged merely that the county court had
made a mistake in determining a question of law properly before it.
A majority of the court, however, were of the opinion that the com-
plaint stated a cause of action for the annulment of the decree of dis-
tribution. In the decision of the court as promulgated by the majority
in that case it was said: "This case is not predicated upon fraud, and
for this reason the decree may not be set aside on that ground. We will
confine our discussion to the other part of said section, which provides,
'or other ground upon which the action is based.' What, then, are the
other grounds? We can reach but one conclusion with reference to
the meaning of such words, and that is: They mean any other ground
which would appeal to the conscience of a court of equity, as where
there has been manifest injustice done by entering of said decree, or
a manifest material mistake therein, etc."

Whatever differences of opinion there may be as to the actual effect
of the holding in Moore v. Palmer, supra, as applied to that particular
case, the language quoted does not indicate any intention on the part
of the court to hold that § 8809, extended the time for appeal from a
final decree entered by the county court, for a period of three years
after the discovery of any error of law on the part of the county court.
In other words, the language quoted indicates that the court was of the
opinion that there must exist some equitable ground before the final
decree could be disturbed. And in Fischer v. Dolwig, 39 N. D. 161,
166 N. W. 793, this court expressly ruled that an action to set aside
the decree of distribution was not a substitute for an appeal.

In the principal opinion, written by Chief Justice Bruce, it was said: "While § 8809 of the Compiled Laws of 1913 authorizes an action to set aside a final decree of distribution of the county court for fraud or other equitable ground, it manifestly does not authorize such action to review errors properly reviewable on appeal from the final decree." 39 N. D. 175, 166 N. W. 797. In a concurring opinion, Mr. Justice Birdzell said: "The remedy open to a suitor to impeach a judgment for fraud within the time prescribed by § 8809, Comp. Laws, 1913, cannot be considered as a mere substitute for an appeal, nor can the statute be given an interpretation which would have the effect of extending the time for appeal." 39 N. D. 177, 166 N. W. 798. The correctness of this rule was not denied in either of the dissenting opinions filed in that case.

Section 8809, supra, is a statute of limitations. It does not purport to create a new remedy, or to confer a right of action, where one did not formerly exist. It merely fixes the period in which a right of action (which the statute assumes to exist) must be invoked. In other words, it is a statute of limitations. The county court is vested with exclusive original jurisdiction in probate and testamentary matters. N. D. Const. § 111. A decree of distribution is a final determination of the rights of the parties to the proceeding; Sjoli v. Hogenson, 19 N. D. 92, 122 N. W. 1008, and is of equal rank with a judgment entered in any other court of record in this state; Fischer v. Dolwig, 29 N. D. 564, 151 N. W. 431. The district court is vested with original jurisdiction "of all cases both at law and in equity," except as otherwise provided in the Constitution; N. D. Const. § 103.

Section 8809 merely recognizes the general jurisdiction of the district court, and limits the time in which an equitable action may be maintained in that court to set aside a decree of the county court, directing or confirming the sale, or otherwise disposing of property. Clearly there was no intention on the part of the legislature to say that a final decree of the county court might be assailed by direct action merely on the ground that, in the proceedings before it, the county court committed certain errors of law. When the section refers to "other grounds" (grounds other than fraud) on which an action to vacate a decree of the county court may be based, it manifestly refers to other recognized grounds for equitable interference, such as mistake or accident. It is

well settled that equity will not grant relief for mere errors of law committed by a court in determining matters set before it, nor will it grant relief where the matter might have been litigated there, by the exercise of due diligence. Hayne, New Tr. & App. (Rev. ed.) § 304. Cyc. says: "A suit in equity for relief against a judgment at law cannot be made to serve the purpose of an appeal, so as to review the judgment with reference to alleged errors; nor will a court of equity undertake to revise, correct, or reform a judgment at law, unless there be some special grounds for equitable interference, or to vacate or annul it or set it aside." 23 Cyc. 977.

In his work on Probate Law & Practice, Ross says:

"A decree of final distribution, while ordinarily conclusive upon the parties in interest unless appealed from, may nevertheless be vacated or modified on motion in the lower court, at any time within the six months allowed by statute therefor, upon a proper showing of mistake, surprise, inadvertence, excusable neglect, or the like. But after the expiration of six months the probate court has no power to grant relief. Thereafter, the only remedy of the aggrieved party is by an independent suit in equity. The law is settled that the remedy by motion is merely cumulative, and does not displace the jurisdiction of a court of equity to review a decree of distribution, upon a showing that it was procured by extrinsic fraud or mistake, whereby the court and the losing party were imposed upon or misled, and to enforce an involuntary trust against those who have thereby gained an inequitable advantage. But equity will not grant relief for . . . mere error." Ross, Prob. L. & Pr. § 544.

We are all agreed under the facts in this case, no cause of action has been established which would justify interference with the decree of the county court. The judgment is reversed and the cause remanded with directions to dismiss the action.

ROBINSON, J., concurs.

BIRDZELL, Ch. J. (specially concurring). I agree in the reversal, and in the opinion as prepared by Mr. Justice Christianson. However, I deem it proper to say that I regard the decision as involving the principle discussed in Moore v. Palmer, 43 N. D. 100, 174 N. W. 93, and

as deciding contrary thereto. It, in fact, overrules Moore v. Palmer, and, in my opinion, that case should be overruled.

GRACE, J. (specially concurring). I concur in the reversal and dismissal of the action. The conclusion arrived at in the majority opinion, with respect to the questions involved, harmonizes with my view.

I concur in the principles of law stated in the syllabus.

BRONSON, J. (specially concurring). I concur in a reversal and dismissal of the action. I concur in the principles of law stated in the syllabus. See Reichert v. Reichert, 41 N. D. 253, 257, 170 N. W. 622; Knight v. Harrison, 43 N. D. 76, 174 N. W. 636. Upon the facts, the case of Moore v. Palmer, 43 N. D. 100, 174 N. W. 93, does not apply.

## On petition for rehearing.

CHRISTIANSON, J. Plaintiff has petitioned for a rehearing. Attention is called to §§ 8595 and 8596, Comp. Laws, 1913, which provide that an application to a county court for a rehearing on the ground of mistake, inadvertence, surprise, or excusable neglect of the party making the application must be made within thirty days from the date of the order or decree, which is sought to be set aside. And it is pointed out that the application made to the county court in the case at bar was made more than thirty days after the date of the final decree and that consequently the decision of the county court in denying the application was correct, and an appeal therefrom would have been ineffectual. This observation is probably correct. This, however, does not affect either the conclusions reached or anything said in the former opinion. As was said there, the plaintiff did make an application to the county court to have the final decree of distribution set aside. The application was made some seven months and twelve days after the date of the rendition of such final decree. But the record does not show affirmatively when the plaintiff acquired knowledge of the alleged erroneous provisions in the decree of distribution. For all the record shows, the plaintiff might have acquired full knowledge of the alleged error within a few days after the final decree was entered, and she might have had ample time in which to make application for rehearing within the thirty day period.

49 N. D.—36.

The decision of this court, however, was not based upon the proposition that the plaintiff was foreclosed by the application for a rehearing, made in the county court or by the failure to appeal from the decision denying such application.

The former decision was based on the principle that § 8809, Comp. Laws, 1913, did not create a new remedy or right of action, but merely recognized an existing right of action and limited the time within which such action might be brought. This principle was announced in the syllabus as the controlling question in the case, and met with the approval of all of the then members of the court. It also meets with the approval of the court as now constituted.

We are agreed that § 8809, supra, is a statute of limitations, passed in recognition of the rule that an equitable action may be brought in the district court to set aside a final decree of the county court, where proper grounds for equitable interference exist; and that the section was not intended to, and did not, create a new remedy or confer a new right of action, but limited the time in which an equitable action, based on proper grounds, might be brought. We are also agreed that an action does not lie, under § 8809, supra, for the purpose of reviewing mere errors of law, properly reviewable on appeal from the final decree of distribution. We are further agreed that, under the facts in this case, no ground justifying equitable interference with the final decree of distribution has been established.

A rehearing is denied.

NUESSLE and JOHNSON, JJ., concur.