**Frederick H. JACOB and William Jacob, Plaintiffs and Appellants,**

v.

**Adolph K. HOKANSON, Blanche Hokanson, Darrell R. Hokanson and Judy J. Hokanson, Defendants and Appellees.**

**Civ. No. 9840.**

Supreme Court of North Dakota.

Dec. 19, 1980.

Tenneson, Serkland, Lundberg, Erickson & Marcil, Fargo, for plaintiffs and appellants; argued by Roger J. Minch, Fargo.

McIntee & Whisenand, Williston, for defendants and appellees; argued by Frederick E. Whisenand, Williston.

ERICKSTAD, Chief Justice.

This is an appeal by the plaintiffs, Frederick H. Jacob and William Jacob ("the Jacobs"), from the summary judgment of the Williams County District Court, dated June 5, 1980, dismissing with prejudice the Jacobs' action against the defendants, Adolph K. Hokanson, Blanche Hokanson, Darrell R. Hokanson, and Judy J. Hokanson ("the Hokansons").

Prior to August 19, 1966, Aranda Meincke and Lorraine G. Meyer were joint owners of an undivided one-half interest in and to:

"The Northeast Quarter (NE ¼) of Section Seventeen (17), in Township One Hundred Fifty-eight (158), North of Range Ninety-nine (99), West of the Fifth Principal Meridian, in Williams County, North Dakota." ("the property").

Clara Jacob was the sole owner of the other undivided one-half interest in the property.

On August 19, 1966, the three owners executed a contract with Adolph and Blanche Hokanson under which Adolph and Blanche were given an option to purchase the property. Within the option contract the three owners expressly reserved seventy-five percent of the mineral rights owned by them in the property. The contract also provided that the offer to sell was to remain irrevocable for a period of six months.

On September 11, 1967, Aranda Meincke and Lorraine G. Meyer deeded their undivided one-half interest in the property to Adolph and Blanche Hokanson, and the deed expressly reserved an undivided one-half interest in 75% of the mineral rights in the property.

On October 11, 1966, Clara Jacob died intestate in Minnesota. Ancillary probate proceedings were commenced in North Dakota to dispose of her undivided one-half interest in the property.

The Jacobs, administrators for the Clara Jacob Estate, filed a Petition for Sale of Real Estate, published Notice of Private Sale of Real Estate, and sold the property

to Adolph and Blanche Hokanson, who were the highest bidders for the property. The Williams County Court filed an Order Confirming Sale, dated July 14, 1967. The administrators' deed conveying the Clara Jacob estate's one-half undivided interest in the property to Adolph and Blanche Hokanson did not contain an express reservation of any mineral rights in the property, nor did the Petition for Sale, Notice of Private Sale, or Order Confirming Sale contain any mention of a reservation of mineral rights in the property.

On September 20, 1973, Adolph and Blanche Hokanson deeded their interest in the property to their son, Darrell R. Hokanson, and their daughter-in-law, Judy J. Hokanson.

On November 13, 1979, the Jacobs filed an action in the Williams County District Court seeking a reformation of the administrators' deed to include a reservation by the estate of a one-half undivided interest in 75% of the mineral rights in the property. The Jacobs assert that they are entitled to a reformation of the deed on the ground that the parties actually intended that the estate reserve such an interest in the mineral rights and that by a mutual mistake the deed failed to include the reservation of mineral rights. On April 16, 1980, the Jacobs filed an amended complaint to include a request that the Williams County court's Order Confirming Sale be set aside.

On February 14, 1980, the Hokansons made a motion for summary judgment, pursuant to Rule 56 of the North Dakota Rules of Civil Procedure, requesting the district court to dismiss the Jacobs' action. The motion for summary judgment was granted by the district court on June 5, 1980, and the Jacobs filed a notice of appeal with this court from the summary judgment on July 23, 1980.

■ On appeal, this court will uphold the district court's grant of a summary judgment only if, after reviewing the evidence in a light most favorable to the party against whom summary judgment was granted, it appears that there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), NDRCivP; *Zuraff v. Empire Fire & Marine Ins. Co.*, 252 N.W.2d 302 (N.D.1977). In the instant case two specific questions have been raised with regard to whether or not the district court erred when it granted a summary judgment dismissing the Jacobs' action:

(1) Whether or not the Jacobs' action is barred by the statute of limitations; and

(2) Whether or not the Jacobs raised a material issue of fact with respect to their request for a reformation of the administrators' deed based upon a theory of mutual mistake.

## STATUTE OF LIMITATIONS

The Jacobs and the Hokansons both assert that Section 30–24–13, NDCC, is the appropriate statute of limitations to apply in the instant case; however, they each assert a different provision of that statute as controlling the period of time within which the Jacobs were required to commence their action.[1] Section 30–24–13, NDCC, provides:

"30–24–13. *Action to recover estate or set aside decree—When begun—Limitation three years—Exception—Minors.—* No action for the recovery of any estate sold by an executor or administrator or otherwise disposed of under the provisions of chapter 30–19 can be maintained by any heir or other person claiming under the decedent unless it is commenced within three years next after the sale. An action to aside a decree directing or confirming a sale or otherwise disposing of such property may be instituted and maintained at any time within three years from the discovery of the fraud or other ground upon which the action is based. This provision shall not apply to

1. Both parties are in apparent agreement that by virtue of Section 30.1–35–01(2)(b), NDCC, the statute of limitations' provisions under the Uniform Probate Code do not apply to the instant case, and that Section 30–24–13, NDCC, if applicable, controls the time within which the Jacobs' action was required to be commenced.

minors or others under any legal disability to sue at the time when the right of action first accrues, but all such persons may commence an action at any time within three years after the removal of the disability."

The Hokansons assert that the first sentence of Section 30–24–13, NDCC, is applicable in the instant case and that the Jacobs' action is barred because they failed to commence their action within three years from the date of the sale of the property. The Jacobs assert that the second sentence of Section 30–24–13, NDCC, is applicable to the instant case and that their action is not barred because it was commenced within three years from the date that they discovered the mutual mistake upon which they are attempting to set aside the court's Order Confirming Sale in order to reform the administrators' deed.

■ In *Moore v. Palmer*, 43 N.D. 99, 174 N.W. 93 (1919), this Court construed the language of Section 8809 of the Compiled Laws of 1913 which was identical to the second sentence of current Section 30–24–13, NDCC, and concluded that in addition to actions based upon fraud that provision applied to an equitable action to set aside a decree based upon a manifest material mistake. Upon reviewing Section 30–24–13, NDCC, we conclude that the second sentence of that provision is specifically applicable to the Jacobs' action to set aside the court's Order Confirming Sale on the ground of mutual mistake.

The Jacobs assert that they did not acquire actual knowledge of the mutual mistake until July 20, 1978, and that, therefore, their action was commenced within the time period allowed by Section 30–24–13, NDCC. In *Moore, supra*, this Court determined that the statute of limitations commenced to run from the date that the party had actual notice or knowledge of the fraud or other ground asserted for setting aside the decree and that constructive notice would not cause the three-year period to commence running. With regard to the point at which a reformation action accrues, this Court stated in *Ell v. Ell*, 295 N.W.2d 143, 151 (N.D.1980):

"Regardless of which limitation period applies to actions for the reformation of a written instrument on the ground of mutual mistake, we follow the weight of authority and hold that a reformation action accrues, or comes into existence as a legally enforceable right, not at the time the instrument in question is executed, but at the time the facts which constitute the mistake and form the basis for reformation have been, or in the exercise of reasonable diligence should have been, discovered by the party applying for relief."

■ The question as to when the Jacobs acquired, or through reasonable diligence should have acquired, actual knowledge of the mutual mistake such as to commence the running of the statute of limitations is a question of fact to be determined by the trier of fact at a trial on the merits. Suffice it to say, that with respect to this issue, there exists a genuine issue of material fact which is not appropriate for disposition by summary judgment.

## ALLEGED MUTUAL MISTAKE

The Jacobs seek reformation of the administrators' deed on the ground that, through mutual mistake, the deed failed to reflect the parties' true intention that the deed contain a reservation of a one-half undivided interest in 75% of the mineral rights in the property.

The case of *Ell v. Ell*, 295 N.W.2d 143 (N.D.1980), involved an action to reform a quit claim deed on the ground of mutual mistake. With regard to the availability of such a remedy this court stated:

"We have recognized that equity will grant remedial relief in the nature of reformation of a written instrument, resulting from a mutual mistake, when justice and conscience so dictate.

. . . . .

"The burden of proof rests on the party who seeks reformation to prove that the written instrument does not fully or truly state the agreement that the parties intended to make.

. . . . .

"Each case involving the reformation of a contract on grounds of fraud or mutual mistake must be determined upon its own particular facts and circumstances. In considering whether or not a mutual mistake exists, the court can properly look into the surrounding circumstances and take into consideration *all* facts which disclose the intention of the parties."

Reviewing the documents presented to the trial court on the summary judgment motion in a light most favorable to the Jacobs, the following facts must be assumed to be true for purposes of determining whether or not the summary judgment of dismissal was proper:

(1) The defendant, Darrell R. Hokenson, acknowledged that the parties intended that the Jacobs would reserve certain mineral rights in the property at the time it was transferred to Adolph and Blanche Hokanson.

(2) On August 19, 1966, the owners of the property, Aranda Meincke, Lorraine Meyer, and Clara Jacobs, executed a contract giving Adolph and Blanche Hokanson an option to purchase the property, and such option contract expressly reserved 75% of all mineral rights in the property to the grantors.

(3) On September 11, 1967, Adolph and Blanche Hokanson purchased an undivided one-half interest in the property from Aranda Meincke and Lorraine Meyer, and the deed transferring such interest in the property expressly reserved an undivided one-half interest in 75% of the mineral rights to the grantors.

(4) The price paid by Adolph and Blanche Hokanson for the undivided one-half interest in the property purchased from the Clara Jacobs Estate was the same price stated in the August 19, 1966, option contract.

■ We believe that the foregoing assertions of fact raise a genuine issue of material fact as to whether or not the parties intended that the Clara Jacob estate would reserve certain mineral rights in the property, but, through mutual mistake, the admin-istrators' deed failed to reflect such a reservation. The Jacobs concede that the option contract terminated prior to the transfer of the property to Adolph and Blanche Hokanson. They assert, however, that the Hokansons execution of an option contract containing an express reservation of minerals; the Hokansons purchase of Meincke and Meyer's interest in the property with a reservation of mineral rights in those owners; and the Hokansons purchase of the Clara Jacob estate's interest in the property at the identical price stated in the option contract are all facts which support their assertion that the parties' actual intent was to include a reservation of mineral rights in the administrators' deed. We agree that the Jacobs have presented allegations of fact which raise a genuine issue as to whether or not a mutual mistake occurred so as to warrant a trial on the merits.

The district court's summary judgment of dismissal is reserved and the case is remanded for a trial on the merits.

VANDE WALLE, PEDERSON, PAULSON and SAND, JJ., concur.