THERESIA DOLWIG FISCHER v. JOHN DOLWIG and Elizabeth Willer, Susanna Kinz, Kathrina Duckhorn, and Magdalena Schiller.

(151 N. W. 431.)

**Final decree of distribution — action to set aside — complaint in — demurrer — county court — jurisdiction.**

1. A complaint in an action to set aside a final decree of distribution of the county court, and recover property distributed thereby is not demurrable

29 N. D.—36.

because it fails to set forth facts showing that the county court had jurisdiction of the probate proceedings.

**Administration — petition for appointment — final decree of distribution — action to set aside — allegations of complaint — county court — jurisdictional facts — presumed that petition stated.**

2. In such case, where the complaint alleges the appointment of an administrator and the rendition of the final decree, it will be presumed that the petition for the appointment of an administrator alleged the proper jurisdictional facts.

**Final decree of distribution — county court — court of record — judgment of — ranks with judgment of other courts of record.**

3. A final decree of distribution entered by a county court is of equal rank with a judgment entered in other courts of record in this state.

**Court of equity — jurisdiction — may set aside final decree of distribution — fraud — procurement — discovery of — time of bringing action.**

4. A court of equity has jurisdiction, in a proper cause, to set aside a final decree of distribution entered through the fraudulent procurement of the administrator, provided such action is commenced within three years after the discovery of the fraud.

Opinion filed February 17, 1915.

From an order of the District Court of Stark County, overruling a demurrer to the complaint, *Crawford,* J., defendant appeals.

Affirmed.

*T. F. Murtha,* for appellant.

The district court of Stark county has no jurisdiction over the subject of this action, and the demurrer should have been sustained. The complaint should allege the filing of a proper petition for administration in county court, and should contain allegations of all the facts necessary to show that the county court had jurisdiction to act. Dobler v. Strobel, 9 N. D. 104, 81 Am. St. Rep. 530, 81 N. W. 37.

If plaintiff has not been damaged by the decree, she is not entitled to recovery. The complaint contains no allegation of damages. Rev. Codes 1905, § 8089.

It does not appear that plaintiff was ever a resident of this state. The exemption laws are for the benefit of residents of this state only. Rev. Codes 1905, §§ 5048, 7128, 8089.

In the absence of any allegation or showing to the contrary, it will

be presumed that the probate court did its duty. Rev. Codes 1905, § 7898; Hahn v. Kelly, 34 Cal. 391, 94 Am. Dec. 742; Church, Probate Law & Pr. pp. 297, 316.

*Charles Simon* and *Casey Burgeson,* for respondents.

The county courts of this state are courts of general jurisdiction. Jurisdictional facts need only be pleaded where the court of whose acts complaint is made is a court of limited and inferior jurisdiction. State Const. § 3; Rev. Codes 1905, § 7898.

The final decree of distribution of the county court disposes of all the property of the estate, closes the estate, and amounts to a final judgment. Sjoli v. Hogenson, 19 N. D. 82, 122 N. W. 1008; Olivas v. Olivas, 61 Cal. 382.

If the complaint was not clear to defendants, their remedy was by motion to make the same more definite. Weber v. Lewis, 19 N. D. 476, 34 L.R.A.(N.S.) 364, 126 N. W. 105.

CHRISTIANSON, J. The defendant, John Dolwig, has appealed from an order of the district court, overruling a demurrer to the complaint. The demurrer is based on two grounds: (1) That the court had no jurisdiction of the subject-matter of the action, and (2) that the complaint does not state facts sufficient to constitute a cause of action. The complaint sets forth that Jacob Dolwig died about December 15, 1910, and at that time was possessed of real and personal property, which is described (the real estate being located in Stark county), and that at the time of his death the plaintiff was his wife; that said Jacob Dolwig died intestate, and left surviving him, as his heirs, his wife (the plaintiff), and the defendants (who are his children by a former marriage); that on or about the 29th day of December, 1910, proceedings were commenced in the county court within and for the county of Stark and state of North Dakota for the probate of the estate of said Jacob Dolwig, and there was then and there a petition filed, asking, among other things, for the appointment of the defendant, John Dolwig, as administrator of the estate of said Jacob Dolwig, deceased; that the plaintiff is unable to understand the English language, and that through certain fraudulent representations she was induced to sign waivers of service of citation. And in general the complaint sets forth a large number of facts showing that undue advantage was taken of the plaintiff. The

complaint also alleges "that after the appointment of administrator in said estate, no notice of any kind or nature was ever served upon plaintiff, and the records show that a decree of distribution was made by W. A. Carter, the then judge of the county court on the 13th day of October, 1911, decreeing all of the property of said Jacob Dolwig, deceased, in the above defendants and giving nothing to this plaintiff." As already stated, the complaint sets forth a large number of facts which would justify a court of equity in assuming jurisdiction, and no attack is made upon the complaint, for the reason that the facts set forth are insufficient to confer equitable jurisdiction. The attack on the complaint is based upon entirely different grounds. Appellant first asserts that the district court has no jurisdiction, and his contentions on this proposition are set forth in his brief as follows: "In this case the complaint does not allege the existence of facts necessary to give the county court of Stark county jurisdiction over said estate, as provided by § 7891 of the 1905 Revised Codes. Nor does the complaint allege the filing of a petition for administration in said county court of Stark county setting forth the necessary jurisdictional facts as required by § 7895 of the 1905 Revised Codes. It is not alleged in the complaint that the county court had jurisdiction over the estate of the deceased." Johnson v. Rutherford, 28 N. D. 87, 147 N. W. 390–394.

Under the provisions of § 111 of the Constitution, the county court is vested with *exclusive original jurisdiction* in probate and testamentary matters.

Section 8533 of the Compiled Laws provides: "The proceedings of a county court in the exercise of its jurisdiction are construed in the same manner and with like intendments, as the proceedings of courts of general jurisdiction, and to its records, orders, and decrees there is accorded like force, effect, and legal presumptions as to the records, orders, judgments, and decrees of courts of general jurisdiction." Under the provisions of this section as construed by this court, as well as by the construction placed thereon by the supreme court of South Dakota, a final decree of distribution entered by a county court of this state is of equal rank with judgments entered in other courts of record, and the same presumptions exist in its favor. Joy v. Elton, 9 N. D. 428, 83 N. W. 875; Blackman v. Mulhall, 19 S. D. 534, 104 N. W.

250; Howell v. Dinneen, 16 S. D. 618, 94 N. W. 698; Sjoli v. Hogenson, 19 N. D. 82, 122 N. W. 1008.

The complaint in the case at bar specifically alleges the death of Jacob Dolwig; that he left real and personal property in Stark county; and also enumerated the heirs of the deceased, and further states that the probate proceedings were commenced on or about December 29, 1910, to probate the estate of said Jacob Dolwig; that the defendant and appellant John Dolwig was appointed such administrator, and that thereafter, on October 13, 1911, a decree of distribution in the estate was made in the county court of Stark county. It is self-evident that this complaint is not vulnerable for failure to state the facts which would give the county court of Stark county jurisdiction over the estate. The final decree is entitled to the same faith and credit as the judgment of the district court, and it will be presumed that the petition for the administration of the estate set forth the proper jurisdictional facts. It was not necessary to allege the facts showing jurisdiction in the county court, but it was sufficient to plead in general terms that the final decree of distribution had been made. Compiled Laws, § 7460, 31 Cyc. 104.

In support of the second ground of the demurrer, the appellant contends that the complaint fails to state a cause of action, for the reason that the complaint does not show that the final decree of distribution has been entered and the estate closed. And appellant asserts that under the facts stated in the complaint there is nothing to indicate that the plaintiff would not be able to obtain the relief sought by an application to the county court. In support of this, appellant refers to § 8534 of the Compiled Laws of 1913, and contends that subdivision 7 of this section gives the county court jurisdiction to open, vacate, or modify the decree at any time. This section must, of course, be read in conjunction with the other sections of the probate code, applicable to the same matter, and, when so read, in no manner sustains the construction sought to be placed thereon by the appellant. This section merely specifies the authority and enumerates the powers of the probate court. Section 8595 of the Compiled Laws refers to the same matters mentioned in subdivision 7 of § 8534, and prescribes the causes for which rehearings may be granted. Section 8596 of the Compiled Laws limits the time in which such rehearing may be granted, and it

will be observed that the longest period provided is one year from the date of the decree or order. Section 8601 limits the time in which an appeal may be taken to thirty days from the date of the order or decree appealed from. The complaint in the case at bar states that the final decree of distribution was made on October 13, 1911, and the present action was not commenced until in September, 1913, or about two years after the date of the final decree.

"A decree of distribution is an instrument by virtue of which heirs receive the property of the deceased. It is the final determination of the parties to a proceeding." Sjoli v. Hogenson, 19 N. D. 82, 122 N. W. 1008. It is therefore obvious that the complaint sufficiently shows on its face that plaintiff could obtain no relief in the county court.

Section 8809 of the Compiled Laws expressly authorizes an action to be brought in the district court to recover real estate or to set aside a decree of the county court in proper cases, and limits the time in which such actions must be commenced to three years from the date of discovery of the fraud or other ground upon which the action is based.

The demurrer was properly overruled. The order appealed from is affirmed.