ROY REICHERT, Respondent, v. C. W. REICHERT, Appellant.

(170 N. W. 621.)

**County court — final decree — vacating or opening — cannot after one year.**
1. After the expiration of one year from the date of entry of a final decree, the county court has no authority to vacate or open up the same upon grounds of fraud, deception, or misrepresentation.

**County court — vacating or opening final decree — powers of — limitation as to time.**
2. Sections 8534, 8595, and 8596, Compiled Laws 1913, construed and *held* to prescribe the power of a county court to open up and vacate a final decree, the grounds therefor, and the limitations of time thereupon.

**Final decree — guardianship estate — petition to vacate — district court — appeal to.**
3. Where a final decree was entered in a guardianship estate on August 11, 1911, and a petition to vacate the same was filed in the county court on March 31, 1916, and thereafter an appeal was taken to the district court from an order of the county court, vacating such decree and a trial *de novo* had, the trial court erred in affirming the order of such county court.

Appeal from the District Court of Foster County.

Action to vacate final decree of county court.

From an order of the district court affirming the order of the county court the defendant appeals.

Reversed, with direction to reverse the order of the county court and to dismiss the proceeding therein to vacate such final decree.

*Edward P. Kelly,* for appellant.

An order or decree of distribution made by a county court is of equal rank with judgments entered by courts of record. Comp. Laws 1913, § 8837; Sjoli v. Hogenson, 19 N. D. 82, 122 N. W. 1008.

A decree allowing final account is conclusive except where right of appeal is allowed or relief in other court permitted, or where persons against whom decree is made are under legal disability. Re Nelson, 26 S. D. 615, 125 N. W. 113.

That a former judgment or decree can be set aside and annulled for fraud, there can be no question, but it must be a fraud extrinsic and collateral to the questions examined and determined in the action, and

it is settled beyond controversy that a decree will not be vacated merely because it was obtained by forged documents or perjured testimony. The reason for the rule is that there must be an end of the litigation. Graves v. Graves (Iowa) 109 N. W. 707; Pico v. Cohn, 91 Cal. 129, 27 Pac. 970; Mahoney v. State Ins. Co. 110 N. W. 1041; Hedrick v. Smith & Read, 115 N. W. 226; Richards v. Moran (Iowa) 114 N. W. 1035; Clark v. Lee (Minn.) 59 N. W. 970; Keighler v. Savage Mfg. Co. 71 Am. Dec. 600; Reeves v. Reeves (S. D.) 25 L.R.A.(N.S.) 574; South Haven & Eastern R. Co. v. Colner, 23 L.R.A.(N.S.) 564; Zeitland v. Zeitland (Mass.) 23 L.R.A.(N.S.) 569; Bleakley v. Barclay (Kan.) 10 L.R.A.(N.S.) 230; Moore v. Gulley (N. C.) 10 L.R.A. (N.S.) 242; Yorke v. Yorke, 3 N. D. 343; Casey v. Powell, 73 Am. Dec. 211.

That a judgment was confessedly procured by perjury gives a court of equity no jurisdiction to enjoin its enforcement. Reeves v. Reeves (S. D.) 25 L.R.A.(N.S.) 574; South Haven & E. R. Co. v. Colner, 23 L.R.A.(N.S.) 564; Zeitland v. Zeitland (Mass.) 23 L.R.A.(N.S.) 569; Bleakley v. Barclay (Kan.) 10 L.R.A.(N.S.) 230; Moore v. Gulley (N. C.) 10 L.R.A.(N.S.) 242; Yorke v. Yorke, 3 N. D. 343; Casey v. Powell, 73 Am. Dec. 211.

*T. F. McCue,* for respondent.

Courts possess the inherent power to vacate and set aside collusive and fraudulent judgments, notwithstanding that more than one year has elapsed after their entry. Williams v. School Dist. 21 N. D. 198; Yorke v. Yorke, 3 N. D. 343; Freeman v. Wood, 11 N. D. 7.

A guardian who conceals from the court the fact that he has bought land with his ward's money commits a fraud and deception on the court, for which relief will be granted. Gilbreath v. Teufel, 15 N. D. 152; Bergin v. Haight, 33 Pac. 760; Campbell v. Campbell, 92 Pac. 184; Code § 5852; 29 Am. & Eng. Enc. Law, 2d ed. 123, 125, 127; Leach v. Leach (Wis.) 26 N. W. 754; Ross v. Conway, 28 Pac. 786.

Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practised upon him by his opponent, as by keeping him away from court, a false promise of compromise, or anything that prevents a real trial or contest, there exist reasons for which a suit may be sustained to annul and set aside the former judgments or decree and open the case for a new trial and a fair

hearing. Flood v. Templeton, 92 Pac. 81; Bacon v. Bacon, 89 Pac. 317; Sohler v. Sohler (Cal.) 67 Pac. 282.

Courts do not now invoke technical rules to shield the cunning in taking advantage of the weak, ignorant, or dependent. Gilbreath v. Teufel, 15 N. D. 152; Sohler v. Sohler (Cal.) 67 Pac. 282; Parker v. O'Reardon, 65 Cal. 368; Balin v. Dean (Iowa) 142 N. W. 422; Laun v. Kipp (Wis.) 145 N. W. 183.

BRONSON, J.   This proceeding was brought in county court of Foster county to vacate a final decree rendered in a guardianship estate.

On August 11, 1911, a final decree was entered in the matter of the guardianship of Roy Reichert, the respondent herein, and others, minors, the appellant, C. W. Reichert, being the guardian. On March 31, 1916, a petition was filed in said court in behalf of respondent to vacate such final decree upon grounds of fraud, deception, and misrepresentation.

On April 21, 1916, pursuant to a hearing held, the county court vacated such decree, from which order, the guardian, the appellant herein, appealed to the district court, where the matter was tried *de novo*. The district court, after trial, made findings and judgment affirming the order of the county court.

From such judgment the appellant prosecutes this appeal and specifies as error the conclusions of law and the judgment so entered.

The question of law appearing in this record that determines the appeal is as follows:

What power of authority has a county court to vacate or open up its final decree upon a motion covering the grounds above stated, after the expiration of one year from date thereof?

Under § 8534, subdivision 7, Compiled Laws 1913, the county court has authority and power to open up, vacate, or modify a decree or order of the court for fraud, mistake, newly discovered evidence, or other sufficient cause.

Under § 8595 Compiled Laws 1913, a rehearing involving a motion to vacate and open up a decree or order may be made upon grounds of fraud, misconduct, newly discovered evidence, abuse of discretion of court, etc.

Under § 8596, Compiled Laws 1913, such motion must be made, in

any event, within one year from date of the decree, except upon the nonexistence of any fact necessary to jurisdiction. There is no claim in this action that the county court did not have jurisdiction in the guardianship proceedings.

It is clear that if the respondent had made the motion involved herein, within one year from the date of the decree, the county court could have entertained the same under the provisions of said §§ 8595 and 8596.

Respondent, however, contends that, under the constitutional provisions, § 111, granting exclusive jurisdiction in probate and testamentary matters, and under said § 8534, subdivision 7, the county court has inherent power to vacate such decree; that this is a common-law power possessed by the court as a part of its necessary machinery for the administration of justice; that this proceeding is not an equitable proceeding nor one seeking equitable relief.

This contention is answered by the manner in which the express provisions of the statute have limited these so-termed common-law powers.

Section 8534, subdivision 7, prescribes specifically the authority and power; §§ 8595 and 8596 provide the causes, the manner, and the time within which they may be exercised.

In Fischer v. Dolwig, 29 N. D. 561, 151 N. W. 431, this court expressly held that these provisions of the statute should be considered together, and not as independent unrelated statutory provisions.

Respondent contends that § 8809, Compiled Laws 1913, providing a limitation of time within which actions for the recovery of an estate or to set aside a decree must be commenced, being found in the Probate Code, grants a jurisdiction to the county court in matters similar to the motion herein involved.

This statute confers no jurisdiction in the county court in that regard, and is a statute of limitation applicable to actions in a court of general jurisdiction; the county court possesses no equitable jurisdiction except such as inheres in its common-law, constitutional, and statutory powers. Arnegaard v. Arnegaard, 7 N. D. 475, 502, 41 L.R.A. 258, 75 N. W. 797; Finn v. Walsh, 19 N. D. 61, 121 N. W. 431; Mead v. First Nat. Bank, 24 N. D. 12, 138 N. W. 365; Fischer v. Dolwig, 39 N. D. 161, 166 N. W. 797.

A final decree of a county court is of equal rank with a judgment

entered in other courts in this state, and is entitled to the same faith and credit. Comp. Laws 1913, § 8533; Fischer v. Dolwig, 29 N. D. 561, 151 N. W. 431; Sjoli v. Hogenson, 19 N. D. 82, 122 N. W. 1008; Stenson v. H. S. Halvorson Co. 28 N. D. 151, L.R.A.1915A, 1179, 147 N. W. 800, Ann. Cas. 1916D, 1289.

If attacked or attempted to be set aside in a county court, the jurisdiction so to do must be invoked from these common law, constitutional, or statutory provisions granted. Its authority must be measured by such provisions.

Even the district court would have no power to vacate such decree, if the same had been a judgment rendered in such court, where the grounds for such vacation thereof fell within the statutory limitations imposed. Comp. Laws 1913, § 7483; Martinson v. Marzolf, 14 N. D. 301, 103 N. W. 937; Skaar v. Eppeland, 35 N. D. 116, 124, 159 N. W. 707; Williams v. Fairmount School Dist. 21 N. D. 198, 204, 129 N. W. 1027.

However desirable it might appear from the record that this decree involved should be vacated and a new hearing thereupon held, this court, under its sworn duty, cannot ignore and cast aside all statutory limitations that have been made by the legislature in an effort to prescribe a time of finality for causes and to expedite judicial litigation.

It is clear that the county court has no such jurisdiction under the plain provisions of our Constitution and the statutes, and therefore the order of such county court should have been reversed by the trial court upon the grounds of lack of jurisdiction to enter such order.

Under the broad jurisdictional and equitable powers conferred, subject to the statutory limitations, the district court affords to the respondent a remedy, if any cause of action he has. Comp. Laws 1913, §§ 7375, 8509, 8922, 8923; Gronna v. Goldammer, 26 N. D. 122, 143 N. W. 394, Ann. Cas. 1916A, 165; Peterson v. Vanderburgh, 77 Minn. 218, 77 Am. St. Rep. 671, 79 N. W. 828; Geisberg v. O'Laughlin, 88 Minn. 431, 93 N. W. 310; Bruegger v. Cartier, 20 N. D. 72, 80, 126 N. W. 491.

The judgment of the trial court is reversed, with directions to enter an order reversing the order of the county court and dismissing the proceedings therein to open up and vacate such final decree.

41 N. D.—17.

GRACE, J., being disqualified, did not participate, Honorable A. T. Cole, Judge of Third Judicial District, sitting in his stead.

ROBINSON, J. (dissenting). In this case the decision of the majority may accord with the old-line practice, and yet it is clearly wrong. The decision appealed from and reversed is confessedly right and just; yet it is reversed and the ward is thrown out of court, because, as the judges think, he came in by the wrong door.

As it appears, in March, 1913, the guardian and his ward appeared in the office of the county judge and had some talk concerning a final account which the guardian presented or purposed to present. There was no trial or hearing or evidence, and there is no showing that the ward ever saw the account or knew of its contents. The county court advised him to get an attorney, and he at once left and went to Canada. There was no adjournment of the case and no hearing, but five months afterwards the county judge signed an order allowing the paper then or previously filed, as an account. The county court had no jurisdiction. The parties were not legally before the court.

In April, 1916, the ward returned from Canada, learned of the order, and at once moved to vacate it. The motion was granted, and after a full and fair hearing of witnesses and a fair trial the order of the county court was affirmed by the district court. In the district court the complaint was amended, witnesses were sworn, examined, and cross-examined, and the case was tried the same as an action commenced in the district court. But now our judges reverse the district court, holding that the ward came into court at a wrong door, and that the void and fraudulent order of settlement should have been attacked by an action, and not by a motion. Such decisions do tend to make the law practice a travesty on justice.

On appeal the district court made findings of fact and conclusions of law. It found specially and generally that all the allegations of the complaint are true; that the final report of the guardian was grossly false and deceptive; that money of the ward had been invested in land and the report failed to give an account for the same, failed to account for any profits on any of the investments, and failed to allow interest for the use of the money, and charged the plaintiff with $550 when he received only $50; and that by undue influence the guardian

secured a receipt for $550. The court found that the guardian advised the ward against employing counsel and promised to make a just and fair settlement; that the ward relied on the same, and did not employ counsel, and did nothing to protect his interest; and so it appears there was no hearing and no investigation and no accounting, and the account filed with the county court was false and untrue. The guardian charged himself with several sums of money received from 1904 to 1909, amounting to $3,907.36. He charged the ward with money paid, $550, when, according to his own testimony, he paid only $50. And he filed a false receipt for the same, signed by the ward. His excuse is that $500, included in the cash receipt, is for time that plaintiff failed to work before he came of age. Were he entitled to make such a charge, of course it should have been presented as a claim against the ward, and not as money paid to him.

As appears from defendant's testimony, with a part of the money he received as guardian, he bought land,—a Beatty quarter section,— and he never told Roy anything about it. (29.) He paid for the quarter section $2,000, taking title in the name of McCue, and then took a deed from McCue for the express consideration of $3,200, and he paid McCue for the transaction $10. (32.) How was that for hocus pocus?

Counsel says that in the district court the verity of the final account was not in issue; but on the pleadings it was a very material issue. If the account was correct, then there was no good reason for vacating the order allowing it; if the account was grossly incorrect, then there was good reason for vacating the order. Now the account is impeached by the testimony of the guardian himself. He shows that it is grossly false and deceptive, as found by the county court and the district court. That alone was cause sufficient to vacate the final decree. The guardian acted in a fiduciary capacity. He was bound to keep and to render to the court a just and true account of his dealings with the estate of his ward. And the ward had a right to rely on his fairness and good faith, and to trust to his assurances that it was unnecessary for him to incur the expense of hiring a lawyer to protect his rights.

By the Probate Code it is provided the county court has power and authority in each case, to open, vacate, or modify a decree or order for fraud, mistake, newly discovered evidence, or other sufficient cause. Section 8534.

Counsel for defendant cites several sections of the statute in regard to rehearings, appeals, decrees of distribution, etc., but those statutes have not the least application to a case where, in the absence of a party and unknown to him, an adverse judgment or decree has been entered by fraud and imposition. Counsel does not seem to realize that this is a case where the guardian was bound to protect the ward and to take no advantage of him, and to render a just and true account, and that for the guardian to render an account grossly false and untrue was a fraud of the grossest kind. Indeed, it was a violation of his oath, faithfully and in accordance with law and to the best of his ability, to perform all the duties of his trust. Section 8684.

The judgment should be affirmed.