IN THE MATTER OF THE ESTATE OF EDWIN HAFEY, Deceased.

ELLENDALE NATIONAL BANK, a Corporation, et al., Appellants, v. ROBERT HAFEY, as Administrator of the Estate of Edwin Hafey, Deceased, Respondent.

(202 N. W. 138.)

Courts — power of county court to grant rehearing is limited to causes enumerated, and must be exercised within time prescribed.

1. Following Reichert v. Reichert, 41 N. D. 253, 170 N. W. 621, it is *held*, that the power of a county court to grant a rehearing is limited to the causes enumerated in, and must be exercised within the time prescribed by, §§ 8595–8597, Comp. Laws, 1913.

Executors and administrators — district court's affirmance of order of county court on rehearing, refusing to vacate or modify order approving administrator's report, held proper.

2. In the instant case certain creditors objected to the allowance of an administrator's report. The objections were overruled and the report approved. Thereupon, the objecting creditors petitioned the county court for a rehearing. After notice and hearing the county court made an order refusing to vacate or modify its order approving the administrator's report. The objecting creditors appealed to the district court. The district court affirmed the order of the county court. For reasons stated in the opinion, it is *held* that the district court's determination is correct and should be affirmed.

Opinion filed January 20, 1925.

Executors and Administrators, 24 C. J. § 2494 p. 1037 n. 66; § 2495 p. 1038 n. 67.

Appeal from the District Court of Dickey County, *Wolfe,* J.

Certain creditors appeal from a judgment of the district court of Dickey County affirming an order of the county court of that county, entered upon an application for a rehearing of an order approving an administrator's report.

Affirmed.

*F. J. Graham* and *L. T. Van Slyke,* for appellants.

An administrator stands in the place, and is regarded as the representative of the deceased person for the purpose of adjusting and settling his business affairs and distributing his estate among those entitled thereto; and is deemed to represent all persons interested in the estate, whether as creditors, next of kin, or otherwise. Ford v. First Nat. Bank, 201 Ill. 120; Stewart v. Rogers (Kan. 1905) 80 Pac. 58; Gragard v. Metropolitan Bank, 106 La. 298; Thibodeaux v. Thibodeaux, 112 La. 906; Perkins v. Goddin, 111 Mo. App. 429; Herman v. Beck (Neb.) 94 N. W. 512; Re Miner (Surrogate Ct.) 39 Misc. 605; Hughes v. Golden (Sup. Ct. Rep.) 44 Misc. 128; Smith's Estate, 43 Or. 595.

Where a chattel mortgage gave the mortgagee the right to take possession and sell in case of default, and for a default occurring immediately after the death of the mortgagor the mortgagee took possession of the property and sold it, it was held that the administrators could maintain trover to recover the value of the goods sold. Kater v. Steinruck, 40 Pa. 501.

Executors of a deceased mortgagor of a leasehold may, on foreclosure, interpose, in behalf of creditors whose claims accrued before the recording of the mortgage, the defense that the mortgage is void as against such creditors by reason of failure to immediately record it, and want of change of possession. Lombeck, etc. Brewing Co. v. Kelly, 63 N. J. Eq. 401.

An executor cannot be compelled to prefer a mortgagee under a mortgage of personal property without delivery of possession or other indicia of ownership, as such mortgage is fraudulent as to creditors. Welsh v. Bekey, 1 P. & W. (Pa.) 57.

An administrator can defend against a void mortgage, administrator to defend his possession of such property against the claim of such

mortgage.    2 Cobbey, Chatt. Mortg. § 998; Kilbourne v. Fay, 29 Ohio St. 264, 23 Am. Rep. 741.

If it is made to appear that such mortgage was in fact given on a specified number of cattle out of a larger number of the same kind and description, or, in other words, on a part only of a herd of cattle of the same kind, and bearing the same description, it is void as to third persons, unless there has been a separation, or a delivery, of the cattle mortgaged to the mortgagee.    South Omaha Nat. Bank v. McGillin, 108 N. W. 257.

*T. L. Brouillard* and *E. E. Cassels,* for respondent.

While an unfiled chattel mortgage may be void as to a general creditor, he cannot avail himself of the statute until he has armed himself with attachment or execution and levied upon the property, or has in some other way secured a lien thereon.    Before he has seized the property covered by the chattel mortgage, or secured some lien thereon, he is in no position to raise the question that the mortgage is void as to him.    Union Nat. Bank v. Oium, 3 N. D. 193; Noyes v. Brace, 65 N. W. 1071; Jones, Chatt. Mortg. 245.

It was said "that the mortgage cannot be legally questioned until the creditor clothes himself with a judgment and execution, or with some legal process against his property; for creditors cannot interfere with the property of their debtors without process."    Thompson v. Van Vechten, Id.    The gist of the reason is that the creditor has no business with the debtor's property until he has obtained possession of it by some legal process that gives him a lien upon it.    This is not because of any right that the mortgagor, who has kept his mortgage from record has against the other creditors, but because such creditors have no right to touch the debtor's property without his consent, without legal process; and when the debtor has turned out his property to a creditor in payment of his debt, or in pledge for the payment, or, as in this case, a chattel mortgage which authorizes him to take possession of it, it seems to me that the reason for the rule is satisfied, and that he has a right to defend against a prior mortgage which is void as against him.    And I think some of our decisions decidedly tend in this direction and that none of them militate against it.    Dempsey v. Pforzheimer, 49 N. W. 465.

The complainants in this case never obtained a lien upon the property in question, or any part thereof, so far as it appears upon this record. They are not in a situation to attack the validity of the defendants' last mortgage without such lien obtained in some manner. Krolik v. Boot, 30 N. W. 339.

If the mortgage was made with intent to hinder, delay or defraud creditors, or, inasmuch as the possession was not altered, if it was not put on file prior to plaintiffs becoming creditors, it was invalid as against them; the law being that those who became creditors while the mortgage is not filed are protected, and not merely those who obtain judgments or levy attachments before the filing. Still no one as creditor at large can question the mortgage. He can only do that by means of some process or proceeding against the property. Feary v. Cummings, 1 N. W. 946; Root v. Harl, 29 N. W. 29; Albien v. Smith, 123 N. W. 675.

Neither are the creditors in this case in a position to attack the mortgage upon a claim of fraud.

It has many times been held by this court that general creditors, having no judgment or lien on the debtor's property, cannot attack conveyances or other dealings for fraud. Trobridge v. Bullard, 45 N. W. 1012; Scott v. Chambers, 29 N. W. 94.

The public records of a mortgage is not made for the benefit of one who in no manner connects himself with the title of the mortgagor as purchaser, incumbrancer or attaching or execution creditors; the mortgage is good as to such a one without filing and it is likewise good as to him though the description be defective. Wilson v. Rustad, 7 N. D. 330; Cobbey, Chatt. Mortg. 186.

Items in a final account allowed in previous accounts, which were settled after due and sufficient notice, are conclusive, and cannot be re-examined upon settlement of the final account. Walls v. Walker, 37 Cal. 424; Marshall's Estate (Cal.) 50 Pac. 540.

The settlement of the accounts of an executor or administrator though sometimes spoken of as an order, is in effect a judgment. Miller v. Lux (Cal.) 35 Pac. 345.

CHRISTIANSON, Ch. J.   This proceeding originated in the county court of Dickey county.   The material facts are as follows:   On February 25, 1922, Robert Hafey, administrator of the estate of Edwin Hafey, deceased, presented to and filed with the county court of said Dickey county his first or annual report as such administrator. The appellants here, who are general creditors of said estate, and whose claims have been allowed as such, appeared and filed objections to the allowance of said report.   The only item of said report involved here is a claim of the Bank of Monango.   To this claim the objecting creditors interposed the following objections:

"Object to the allowance of the amended creditor's claim made by the Bank of Monango in the sum of Sixteen Thousand Dollars ($16,000.00) and allowed by the Court on the 27th day of February, 1922, setting up what purports to be a secured claim upon a chattel mortgage No. 71095, and filed in the office of the register of deeds of Dickey county, North Dakota, on the 8th day of January, 1921 at 1:30 o'clock p. m., and upon a certain trust deed covering all of the land belonging to the said estate of Edwin Hafey, deceased, and filed in the office of the Register of Deeds in Dickey county, North Dakota, on the 25th day of October, 1921 at 10:40 o'clock a. m., for the reason that the amended claim was filed after the time has expired in which claims may be filed, the notice to creditors having been given on February 24th, 1921, and expiring in a period of six months from that date.

"The above named creditors further object to the allowance of said amended claim on the ground and for the reason that the chattel mortgage and trust deed were not filed or recorded in the office of the register of deeds of Dickey county, North Dakota, until after the death of Edwin Hafey, and that they are therefore void to all of the unsecured creditors as said estate is apparently insolvent and unable to pay its debts.   .   .   .

"The above named creditors further object to the allowance of .   .   . voucher No. 142 purporting to have paid to the Bank of Monango $1425.78, Voucher No. 146 purporting to have paid to the Bank of Monango $4588.38,   .   .   . voucher No. 172, purporting to have paid to the Bank of Monango $175.00, on the ground and for the reason that no order was given by the county judge authorizing the payment

of said claims, and that the claims so paid were paid in violation of law."

A hearing was had before the county court at which evidence was adduced by the parties. After due consideration the county court, on June 19th, 1922, entered an order approving and confirming the report. The county court, also, prepared and filed a memorandum decision, wherein the evidence is reviewed, and the legal questions raised considered, and authorities bearing thereon cited. No appeal was taken from the order of the county court approving the administrator's report. On June 4th, 1923, the objecting creditors filed a petition for a rehearing of the matter. Such petition makes reference alone to the claim of the Bank of Monango, and the disbursements made thereon by the administrator. The objections made to the report in the first instance are reasserted.

The petition also alleges "that the order of the court allowing said annual report was made through mistake and by reason of the fact that the report upon which such order was predicated did not represent the facts but represented that certain personal property of the estate was mortgaged and the proceeds of the property were turned over to the mortgagee in liquidation of the debt, which creditor was the Bank of Monango, Monango, North Dakota. That in truth and in fact said property was not encumbered by chattel mortgage and the said bank did not hold a chattel mortgage upon said personal property. That the administrator of said estate falsely represented in said annual report that said property was encumbered by chattel mortgage to said bank, and that said administrator knew such property was not so encumbered.

That the order of the court approving said annual report was induced by the fraud and misconduct of the administrator in that, the administrator conspired with said bank to constitute said bank a preferred creditor and to pay its claim in full out of the proceeds of certain cattle and horses, assets of the estate, and proceeded to sell the same without order of the Court and delivered the proceeds of such stock to the said Bank of Monango upon the pretense and representation in his said annual report that the same was done for the purpose of paying the mortgage to the bank which constituted an encumbrance upon said stock. That in truth and in fact, such stock was not covered by mort-

gage and there was no legal or valid mortgage upon said property, and such action was taken by the administrator for the fraudulent purpose of preferring said bank as a creditor and for converting the funds of the estate. That the statements contained in his said annual report with reference to the mortgage upon said property and the purpose of applying said proceeds were false and untrue."

The petition further alleges that the petitioners "are now in possession of evidence material to the issue involved in the annual account of the administrator, which evidence was not available and could not with the exercise of reasonable diligence have been discovered and produced on the hearing on said annual report, and which newly discovered evidence has been ascertained since the order of the court approving said annual account."

Also, "that at the time of the hearing on the Administrator's Annual Report in June 1922, it was generally believed by those interested in the above estate that the estate was solvent and was possessed of ample funds to pay all of the claims of the creditors and the costs of administration. That since said time the general conditions of the country, coupled with the waste practiced by the administrator, including the sale of property without the orders of the court and operating the real estate belonging to this estate for general farming purposes at a heavy financial loss, has depleted the estate to such extent that it is not now solvent."

The petition for a rehearing came on to be heard before the county court in July 1923, pursuant to order and notice duly made and given. After due consideration the county court made an order to the effect that the order allowing the administrator's annual report and account be not disturbed. In its decision the county court reviewed with great care the evidence relating to the solvency of the estate, and arrived at the conclusion that the estate was solvent. The court further concluded that certain property which had been sold by the administrator was covered by a chattel mortgage held by the Bank of Monango, and that the administrator had properly disbursed the proceeds of the sale of such property by paying the same to said Bank.

The objecting creditors thereupon appealed to the district court from the order of the county court and demanded a trial de novo in the district court. When the matter came on for hearing in the district

court the administrator objected to the introduction of any evidence whatsoever, and moved that the proceedings be dismissed, on the grounds and for the reasons that the petition for a rehearing "does not state facts sufficient to constitute grounds for a rehearing or grounds sufficient to entitle the petitioners to any relief;" that the petition is "wholly insufficient as a basis for any rehearing . . . and that the statute of limitations expired prior to the filing of such petition." The district court overruled the objection and a trial was had at which the parties introduced a great deal of evidence bearing on the questions:

1. Whether the estate was solvent or insolvent.

2. Whether the property which had been sold by the administrator, and the proceeds of which he had paid over to the Bank of Monango, was covered by such mortgage.

3. Whether such mortgage was fraudulent and void as to creditors of the decedent.

The district court made findings and conclusions on these questions favorable to the administrator. The court, also, prepared and filed a somewhat extended memorandum decision wherein cogent reasons were given for such conclusions. Judgment was entered accordingly, and the objecting creditors have appealed.

In this court appellants assert:

1. That "the evidence is insufficient to sustain the findings of the county court which were affirmed by the District Court" to the effect: (a) that the estate of Ed Hafey was solvent; and (b) that the cattle sold by the administrator were covered by the chattel mortgage given by the decedent to the Bank of Monango.

2. That the county and district courts erred as a matter of law in holding that the Bank of Monango had not waived its right to file its claim as a preferred claim.

3. That the district court erred in its rulings on certain evidence bearing on the question whether certain cattle sold by the administrator, and the proceeds of which sale he paid over to the Bank of Monango, were the cattle described in the mortgage executed and delivered by decedent to the Bank of Monango.

Appellants' argument relates to these questions only. Respondent, however, asserts in this court, as he did in the district court, that the

petition for a rehearing does not set forth facts sufficient to warrant a rehearing.

If we deemed the questions raised by appellants to be involved on, and determinative of, this appeal, we would be impelled to affirm the order appealed from. It appears, as indicated, that both the county and the district court, after full and fair hearings determined these questions against the appellants; and on the record in this case, we think, an appellate court would not be justified in disturbing the determination of the district court. But we are constrained to hold that the questions argued by the appellants are not involved on this appeal.

Our statutes provide: "When any (executor's or administrator's) account is rendered for settlement the judge must appoint a day for the settlement thereof; the judge must thereupon give notice thereof by citation to all parties interested. . . ." Comp. Laws, 1913, § 8833. "On the day appointed or any subsequent day to which the hearing is postponed by the court, any person interested in the estate may appear and file his exceptions in writing to the account, and contest the same." Comp. Laws, 1913, § 8835. "The settlement of the account and the allowance thereof by the court, or upon appeal, is conclusive evidence against all persons in any way interested in the estate, saving, however, to all persons laboring under any legal disability, their right to move for cause to reopen and examine the account, or to proceed by action against the executor or administrator, either individually or upon his bond, at any time before final settlement; and in any such action brought by any person, the allowance and settlement of such account is prima facie evidence of its correctness." Comp. Laws, 1913, § 8837.

A party aggrieved by any decree, or by any order affecting a substantial right, made by a county court is afforded certain remedies whereby the decree or order may be reviewed: (1) He may appeal to the district court of the same county (Comp. Laws, 1913, § 8599); or (2) he may, for certain causes, move for a rehearing in the county court. (Comp. Laws, 1913), §§ 8584, subdiv. 7, 8594–8597. But both remedies are subject to certain limitations.

An appeal must be taken within thirty days after the date of the order or decree sought to be reviewed. (Comp. Laws, 1913), §§ 8601, 8604.

"A rehearing is a re-examination of the facts involved in a decree or order upon the grounds set forth in a motion or petition to open and vacate or modify the same or some part thereof." (Comp. Laws, 1913), § 8594.

"A rehearing may be granted for either of the following causes:

1. Mistake, inadvertence, surprise or excusable neglect of the party making the application.

2. Any irregularity in the service of process or any fraud or misconduct of the prevailing party or his attorney or agent, or any abuse of discretion on the part of the court, which prevented the applicant from appearing or maintaining a material issue on his part at the former hearing.

3. Newly discovered evidence material to the issue which could not with reasonable diligence have been produced at the former hearing by the party making the application.

4. The nonexistence of any fact necessary to jurisdiction." Comp. Laws, 1913, § 8595.

"An application for a rehearing may be made by motion or petition according to the mode in which the original application was made, and the parties interested must be cited accordingly. But every application upon any ground specified in the first subdivision of the preceding section must be made within thirty days from the date of the order or decree, and every application made upon grounds specified in the second and third subdivisions must be made within one year from the date of the decree or order to which it relates." Comp. Laws, 1913, § 8596.

"In addition to one or more of the foregoing causes every application for a rehearing must set forth each material issue which the applicant expects to maintain, or designate the same by reference to his former pleading and no other issue can be tried. The causes so alleged and the issues so presented may be controverted as in other cases; and after hearing the allegations and proofs of the parties the court shall grant or deny the application as justice and equity require." Comp. Laws, 1913, § 8597.

Sections 8595 and 8596, supra, are controlling both as to the causes which will authorize a county court to grant a rehearing, and the time within which an application for a rehearing must be made. Reichert v. Reichert, 41 N. D. 253, 170 N. W. 622.

As we construe the petition for a rehearing in this case it alleges only two grounds which fall within § 8595, supra, namely: (1) the alleged fraud and misconduct on the part of the administrator; and, (2) newly discovered evidence. The question for the county court to determine, "after hearing the allegations and proofs of the parties" (§ 8597, supra), was whether a case had been presented justifying it in granting a rehearing upon any of the grounds specified in § 8595, supra. And, if the application for a rehearing is triable anew in the district court, that was the question for the district court to determine. Skelly's Estate, 21 S. D. 424, 113 N. W. 91.

We have no means of knowing what evidence was adduced in the county court, as the record does not contain any transcript of such evidence. The record, however, does contain a transcript of the evidence adduced in the district court and a careful consideration of such evidence discloses that the charge of fraud on the part of the administrator has not been established. Neither has the claim of newly discovered evidence been established. In other words, appellants failed to establish either of the two statutory grounds for a rehearing set forth in their petition. This, we think, is decisive of the case and requires an affirmance of the order appealed from.

As regards the other questions raised and argued by the appellants, we are of the opinion that they are not involved on this appeal. Those questions relate to rulings made by the county court upon the hearing of the administrator's report, and would have been properly assignable as error on an appeal from that order. But no such appeal was taken, and the order became non-appealable. While it was still subject to review in the county court upon motion for a rehearing, the extent of the review was limited to the grounds specified in the statute granting the remedy.

We have decided the case on the theory on which it was submitted by the parties, namely, on the theory that the case was triable anew in the district court. We do not, however, determine whether this theory is correct. In other words, we do not determine whether, under the statute, an appeal from an order entered by a county court upon an application for a rehearing is triable anew in the district court, or whether such appeal is determinable only upon the record made in the

county court.   On either theory the decision of the district court is right, and should be affirmed.

Affirmed.

NUESSLE, BIRDZELL, JOHNSON, and BURKE, JJ., concur.