BELLINGHAM STATE BANK, a Foreign Corporation, Appellant, v. JACK McCORMICK, as Administrator of the Estate of Ella F. McCormick, Deceased, Respondent.

(215 N. W. 152.)

**County courts — decrees — power prescribed by law.**

1. The county court has no power to open, vacate, or modify its decrees or orders except for the causes and at the time and in the manner prescribed by the statute.

**County courts — power to open or vacate judgments — prescribed by law.**

2. Section 8534, Comp. Laws 1913, prescribes and defines the authority and power of the county court to open, vacate, or modify its decrees or orders.

Sections 8595–8597, Comp. Laws 1913, prescribe the causes for which and the time and manner in which this authority and power must be exercised.

Opinion filed August 20, 1927.

Executors and Administrators, 24 C. J. § 2494 p. 1037 n. 66; § 2495 p. 1038 n. 67. Judgments, 34 C. J. § 445 p. 221 n. 54; § 487 p. 260 n. 1; § 491 p. 268 n. 45.

Appeal from the District Court of Divide County, *Lowe,* J.

From an order of the district court affirming an order of the county court denying the plaintiff's application to vacate a final decree, the plaintiff appeals.

Affirmed.

*L. J. Palda, Jr., C. E. Brace,* and *Robert W. Palda,* for appellant.

An executor or administrator, whose personal interests are in conflict with his duty as a representative of the estate, is not a proper person to hold the office. Mills v. Mills (Or.) 29 Pac. 443; Putney v. Fletcher, 142 Mass. 247; Marks v. Coars (Or.) 62 Pac. 488.

*Geo. P. Homnes,* for respondent.

Purchasers from an heir of a testator may resist the probating of his will; they being "persons interested" within Ky. Stat. 1903, §§ 4856–4861, making such persons proper or necessary parties to probate proceedings. Foster v. Jordan, 130 Ky. 445, 113 S. W. 491.

The expression "person interested," as used by the statute in connection with an estate, includes a person entitled contingently to share in the estate as legatee. Re Hunt, 82 N. Y. Supp. 540.

A party to a contract who is entitled to demand performance of a condition precedent may waive the same, either expressly or by acts evidencing such intention; and performance of a condition precedent to taking effect of the contract may be waived by the acts of the parties in treating the agreement as in effect. 13 C. J. p. 671.

NUESSLE, J. This matter originated in the county court of Divide county. It relates to the administration of the estate of Ella F. McCormick, deceased. Jack McCormick was the administrator of this estate. The estate was closed and he was finally discharged on September 25th, 1925. The plaintiff is a foreign banking corporation.

The plaintiff contends that it has a claim against the estate; that

the administrator, Jack McCormick, was its managing officer during the time that the estate was in course of probate; that McCormick had knowledge and control of the claim; that he fraudulently failed and neglected to file the claim and fraudulently procured the closing of the estate and was discharged as administrator by falsely representing to the county court that all claims had been paid. Pursuant to these contentions the plaintiff in November, 1925, applied to the county court of Divide county for an order vacating and setting aside the order of discharge and re-opening the estate for the purpose of allowing the presentation of its claim. In its petition to the county court in this behalf the plaintiff set out the facts on which it relied and prayed the issuance of an order directed to Jack McCormick as administrator requiring him to show cause why the order allowing the final account of the administrator, closing the estate, and discharging the administrator should not be vacated and set aside on account of having been fraudulently procured. No other parties than Jack McCormick were joined and service was had upon no one else. Conformably to the order to show cause, McCormick filed a return. Therein he denied any fraudulent failure or neglect on his part to file the plaintiff's claim and set forth that such claim was satisfied and discharged. He further alleged that the plaintiff with knowledge of all the facts waived any rights it might have had to file a claim against the estate.

The cause came on for hearing on the issues as made on the order to show cause and the return. At the time of hearing the defendant objected to the proceeding and moved for a vacation and discharge of the order to show cause and a dismissal upon the grounds—that the court was without jurisdiction to hear and determine the matter; that the parties interested in the proceeding had not been joined and cited to appear; that the petition did not state facts sufficient to warrant and authorize the court in opening and vacating the orders attacked. The court deferred ruling on this objection and motion, and testimony was taken pursuant to the issues as made. Thereafter the county court denied the plaintiff's prayer for relief and dismissed the proceeding on the grounds that the court had no jurisdiction to grant the relief prayed and that the petition did not state facts sufficient to warrant and authorize the court to proceed in the matter. The court also considered the testimony and made findings of fact and conclusions there-

on adverse to the plaintiff.   Thereupon the plaintiff perfected an appeal to the district court.

On the appeal to the district court the defendant renewed the objections made in the county court to the jurisdiction of the court and the sufficiency of the petition.   The district court deferred ruling on these objections and testimony was again taken.   After consideration the district court affirmed the judgment of the county court on the ground that the county court had no jurisdiction to grant the relief for which the plaintiff prayed in its petition.   The district court did not consider the testimony offered and received and made no findings as to the facts. The instant appeal is from the order of the district court and from the judgment entered thereon.

The defendant's contention in both the county and district courts and again in this court is that while the county court has power to vacate and set aside a final order or decree entered by it in a probate matter pursuant to the provision of §8534, Comp. Laws 1913, that this power must be exercised at the time, in the manner, and for the causes as set out and prescribed in §§ 8594–8598; that in this behalf these statutes are exclusive and that the plaintiff has failed to bring its case within the requirements thereof.   This was the view of both the county and the district courts and the basis of their decisions adverse to the plaintiff.

On the other hand, the plaintiff expressly disclaims that it is seeking relief under and by virtue of the statutes above referred to.   It concedes that it is entitled to no relief under those statutes.   It contends that aside from and independently of those statutes the county court has the power to open up and vacate its orders or decrees where the same have been procured by fraud and that it has established a case of fraud.   The plaintiff's position in this behalf as stated in its brief and on argument in the county court is as follows:   "It is true that the motion papers do not set forth facts that would warrant the court in vacating the order for reasons set forth in § 8595, Comp. Laws 1913, for the proceeding is not brought under said section.   Nor is it a statutory proceeding at all.   It is brought under the broad ground that when one procures an order from any court by means of fraud and concealment of material facts, when the revelation of such facts would have precluded the securing of said order, the court has ample common-law

right and it is its duty to set aside the order, particularly when the granting of the order is in aid of a fraud perpetrated by the one procuring the order upon some third party."

And again in its brief on this appeal the plaintiff says: "This proceeding is a direct attack upon the order of discharge by one never a party to any proceeding in county court. It is not an appeal, nor is it a motion by a party to reopen or set aside any proceeding. Respondent contends that petitioner is without remedy because it has not proceeded under § 8595, Comp. Laws 1913. We do not claim to be proceeding under this section. Section 8594 provides that a *rehearing* is a *re-examination of the facts involved*. This proceeding is not such a *re-examination* and does not purport to be. It is merely an application to set aside an order of the county court procured by the fraud of the person proceeded against."

This court has heretofore had occasion to consider the question of the powers of the county court with respect to the vacation and setting aside of its final orders and decrees. We have held that § 8534 must be considered and construed in connection with §§ 8594–8598; that § 8534 prescribes the power of the county court with reference to the opening and vacating of its decrees and that the succeeding sections prescribe the time, manner, and causes in which and for which final orders or judgments of the county court may be vacated and set aside. We think that these cases are conclusive against the plaintiff on this appeal. See Fischer v. Dolwig, 29 N. D. 561, 151 N. W. 431; Reichert v. Reichert, 41 N. D. 253, 170 N. W. 621; Kranz v. Tavis, 49 N. D. 553, 192 N. W. 176; Re Hafey, 52 N. D. 262, 202 N. W. 138.

Plaintiff's contention in the instant case is exactly the contention made before this court in the case of Reichert v. Reichert, 41 N. D. 253, 170 N. W. 621. We think that what was said in the opinion in that case fully and exactly answers the argument advanced. Judge Bronson there said: ‚

"Respondent, however, contends that, under the constitutional provisions, § 111, granting exclusive jurisdiction in probate and testamentary matters, and under said § 8534, subdivision 7, the county court has inherent power to vacate such decree; that this is a common-law power possessed by the court as a part of its necessary machinery

for the administration of justice; that this proceeding is not an equitable proceeding nor one seeking equitable relief. This contention is answered by the manner in which the express provisions of the statute have limited these so-termed common-law powers.

"Section 8534, subdivision 7, prescribes specifically the authority and power; §§ 8595 and 8596 provide the causes, the manner, and the time within which they may be exercised.

"In Fischer v. Dolwig, 29 N. D. 561, 151 N. W. 431, this court expressly held that these provisions of the statute should be considered together, and not as independent unrelated statutory provisions.

"Respondent contends that § 8809, Compiled Laws 1913, providing a limitation of time within which actions for the recovery of an estate or to set aside a decree must be commenced, being found in the probate code, grants a jurisdiction to the county court in matters similar to the motion herein involved. This statute confers no jurisdiction in the county court in that regard, and is a statute of limitation applicable to actions in a court of general jurisdiction; the county court possesses no equitable jurisdiction except such as inheres in its common-law, constitutional, and statutory powers. Arnegaard v. Arnegaard, 7 N. D. 475, 502, 41 L.R.A. 258, 75 N. W. 797; Finn v. Walsh, 19 N. D. 61, 121 N. W. 766; Mead v. First Nat. Bank, 24 N. D. 12, 138 N. W. 365; Fischer v. Dolwig, 39 N. D. 161, 166 N. W. 797.

"A final decree of a county court is of equal rank with a judgment entered in other courts in this state, and is entitled to the same faith and credit. Comp. Laws 1913, § 8533; Fischer v. Dolwig, 29 N. D. 561, 151 N. W. 431; Sjoli v. Hogenson, 19 N. D. 82, 122 N. W. 1008; Stenson v. H. S. Halvorson Co. 28 N. D. 151, L.R.A.1915A, 1179, 147 N. W. 800, Ann. Cas. 1916D, 1289.

"If attacked or attempted to be set aside in a county court, the jurisdiction so to do must be invoked from these common-law, constitutional, or statutory provisions granted. Its authority must be measured by such provisions.

"Even the district court would have no power to vacate such decree, if the same had been a judgment rendered in such court, where the grounds for such vacation thereof fell within the statutory limitations imposed. Comp. Laws 1913, § 7483; Martinson v. Marzolf, 14 N. D. 301, 103 N. W. 937; Skaar v. Eppeland, 35 N. D. 116, 124, 159 N.

W. 707; Williams v. Fairmount School Dist. 21 N. D. 198, 204, 129 N. W. 1027.

"However desirable it might appear from the record that this decree involved should be vacated and a new hearing thereupon held, this court, under its sworn duty, cannot ignore and cast aside all statutory limitations that have been made by the legislature in an effort to prescribe a time of finality for causes and to expedite judicial litigation.

"It is clear that the county court has no such jurisdiction under the plain provisions of our Constitution and the statutes. . . ."

It is true that in the Reichert Case the question was as to whether the court had the power to vacate the decree after the expiration of the time prescribed in § 8596, while in this case the question is not as to whether the application is timely but whether the court has the power independently of the statutory provisions heretofore referred to to vacate a final decree. But the principle in the instant case is the same as in the Reichert Case and the same reasoning must control.

In the county court the court not only passed upon the objections to the propriety of the proceeding but also passed upon the evidence submitted by the parties. The district court, however, did not pass upon the facts. So while this court could not in any event dispose of this appeal on the merits, it may not be amiss to say that we have read the evidence as taken in the district court and it appears that the findings of the county court have substantial support therein. It appears from the record that Jack McCormick was superseded as president of the plaintiff bank in December, 1924. While the evidence on this point is conflicting there is some showing to the effect that at that time the officers and directors were apprised of the death of Ella F. McCormick and that she left an estate which was then in course of probate. There is no question but that the president of the plaintiff bank became aware of these facts in June, 1925. At all of these times the note on which the plaintiff's claim against the estate is predicated was in the possession of the plaintiff bank. No presentation of such claim, however, was attempted to be made until in October, 1925, some days after the administrator's account had been allowed, the estate closed and distributed, and the administrator discharged and his bond exonerated. It further appears that there was at least a bona fide con-

troversy as to whether the note on which the plaintiff's claim was predicated had not been paid and discharged prior to the final settlement of the estate. The county court adopted the defendant's version of the facts and held that the note had been paid and satisfied and that there was no fraud on the part of the administrator, Jack McCormick, in representing that all claims against the estate had been paid. The county court further found that in any event the plaintiff had had ample and sufficient notice of the pendency of the probate proceeding to enable it, had it acted with diligence, to present its claim prior to the final order discharging the administrator and closing the estate, but that it failed to do so and by its laches lost any rights it might have had in that regard.

The order and judgment of the district court was right and must be affirmed. It is so ordered.

BIRDZELL, Ch. J., and CHRISTIANSON, BURKE, and BURR, JJ., concur.