Matter of the GUARDIANSHIP of Bennie O. JOHNSON, Incompetent.

Winifred Margaret JOHNSON, Petitioner and Appellee,

v.

Inez S. KUCHENBECKER, Duane Davis, as guardian of the person, and estate of Bennie O. Johnson, an incompetent person, and Bennie O. Johnson, Respondents and Appellants.

No. 7726.

Supreme Court of North Dakota.

Dec. 20, 1957.

Rehearing Denied Jan. 6, 1958.

Daniel S. Letnes and Philip R. Bangs, Grand Forks, for petitioner and appellee.

Day, Stokes, Vaaler & Gillig, Grand Forks, for respondents and appellants.

MORRIS, Judge.

On March 28, 1957, the County Court of Traill County entered an order determining that Bennie O. Johnson is an incompetent person incapable of managing his property or providing for his own needs and the necessaries of life, and appointing Duane Davis as guardian of his person and estate. The matter was presented to the county court upon petition of Inez S. Kuchenbecker, a sister of the incompetent. It was filed in the county court on March 28, 1957 and named Bennie O. Johnson, "an incompetent person", and Duane Davis, as respondents. Notice of hearing the petition was issued on the 28th of March. The hearing was set for March 28th at two o'clock P.M., and on the same day Bennie O. Johnson and Duane Davis signed an admission of service. A bond in the sum of $44,000 was executed and filed by Davis on the 28th. His oath of office and letters of guardianship are also dated the same day. Davis also signed an appearance and waiver in which he joined in the petition and requested an immediate hearing thereon.

On April 9, 1957, Winifred Margaret Johnson, wife of the incompetent, filed a petition for a rehearing and reexamination of the facts involved in the order appointing the guardian. She alleged her interest in the matter as wife of Bennie O. Johnson and challenged the findings with respect to his incompetency and the jurisdiction of the court. This petition was heard, pursuant to notice, on April 26, 1957, before Honorable P. M. Paulsen, Judge of the County Court of Cass County, sitting in

the place and stead of Honorable J. O. Cole, County Judge of Traill County. After this hearing, and on April 26th, the presiding judge caused an order to be entered directing that a rehearing and reexamination of the facts involved in the order of March 28, 1957, appointing Duane Davis as guardian of the person and estate of Bennie O. Johnson be heard at 10:00 o'clock A.M. on May 8, 1957. Duane Davis, as guardian of the person and estate of Bennie O. Johnson, then appealed to the District Court of Traill County from the order granting the rehearing.

When the matter reached the district court Winifred Margaret Johnson moved for a dismissal of the appeal on the ground that the order of the county court granting a rehearing was not an appealable order. The judge of the district court agreed with her, granted her motion, and on July 23, 1957, entered an order dismissing the appeal to the district court. The guardian appealed to this court from that order and contends that the district court erred in dismissing his appeal from the county court's order granting the rehearing in county court.

Section 30–2601, NDRC 1943, provides that:

"Any party to a proceeding in county court, including a claimant whose claim has been rejected in whole or in part, or any other person specified in section 30–2602, who deems himself aggrieved by a decree or any order affecting a substantial right made by a county court, may appeal to the district court of the same county."

The appealability of the order of the county court granting a rehearing depends upon whether or not it is an "order affecting a substantial right" of the appellant.

Section 28–2702, NDRC 1943, paragraph 1, and cases construing and applying it, have been cited. We would point out that this section applies only to orders appealable to the supreme court. In Dean v. Smith, 50 N.D. 638, 197 N.W. 589, 590, it is pointed out that an order to be appealable under paragraph 1 "must not only be an order affecting a substantial right, but must also be an order which in effect determines the action and prevents a judgment from which an appeal may be taken." The statute pertaining to appeals from the county to the district court above quoted requires only that the order appealed from affect a substantial right. It is obvious that because of the difference in the statutes our decisions involving appeals to the supreme court are of little assistance in determining the appealability of orders from county to district court.

Whether an order of the county court granting a rehearing affects a substantial right and is therefore appealable requires a careful consideration of our statutory provisions permitting such action on the part of the county court. These provisions are unique. In Bancroft Probate Practice, Section 76, it is said:

"In North Dakota the matter of 'rehearings' in probate matters is extensively detailed in the code and in order to obtain a rehearing the moving party must adduce evidence to bring his case within some of the statutory grounds. In most of the states, however, the subject is left to provisions relating to civil procedure generally or the opening, vacating and setting aside of judgments generally."

Section 30–0307, NDRC 1943, defines a rehearing as a "reexamination of the facts involved in a decree or order upon grounds set forth in a petition to open and vacate or modify the same or some part thereof." Section 30–0308 limits the granting of a rehearing to one or more of the following causes:

"1. Mistake, inadvertence, surprise, or excusable neglect of the party making the application;

"2. Any irregularity in the service of process, or any fraud or miscon-

duct of the prevailing party or his attorney or agent, or any abuse of discretion on the part of the court, which prevented the applicant from appearing or maintaining a material issue on his part at the former hearing;

"3. Newly discovered evidence material to the issue which could not with reasonable diligence have been produced at the former hearing by the party making the application;

"4. The nonexistence of any fact necessary to jurisdiction."

Section 30–0309 sets various times when applications for rehearing may be made. For cause 1 the time is thirty days after the date of the order or decree. Under causes 2 and 3 it is one year. No limit is provided under cause 4.

Section 30–0310 requires the application to set forth one or more of the above mentioned causes and each material issue upon which the applicant will rely and further provides:

"Any cause and any issue so presented may be controverted by other parties interested, and no other issue can be tried. After hearing the allegations and proofs of the parties, the court shall grant or deny the application."

Section 30–0311 provides that:

"If an application for a rehearing is granted, the county court must make a decree or order vacating the former decree or order, or revoking so much thereof as may be necessary, and awarding such further relief as the facts may justify."

These provisions have remained practically unchanged since their inception as Article VIII of the Probate Code contained in the Revised Codes of 1895. The difficulty of determining the practice to be followed under these provisions has resulted in profuse confusion. This is disclosed by the appeals that have come to this court in cases involving rehearings in county court.

Fischer v. Dolwig, 29 N.D. 561, 151 N.W. 431; Reichert v. Reichert, 41 N.D. 253, 170 N.W. 621; In re Hafey's Estate, 52 N.D. 262, 202 N.W. 138; Bellingham State Bank v. McCormick, 55 N.D. 700, 215 N.W. 152; In re Lyons' Estate, 79 N.D. 595, 58 N.W. 2d 845.

In re Hafey's Estate and In re Lyons' Estate, supra, are cited in support of the guardian's contention that the order of the county court granting a rehearing is an appealable order. The procedural situation in those cases differs from the one at bar. In each of those cases in the hearing had upon the petition the county court not only determined whether a rehearing should be granted, but reheard the merits insofar as they pertained to the allegations of the petition and the resulting order passed upon and denied the petition for rehearing on the merits. Such an order is final and it also affects the substantial rights of the petitioners. It is clearly appealable. In the case before us the county court did not pass upon the merits of the allegations of the petition, but merely directed that a rehearing be had.

The order appealed from does not purport to open, vacate or modify the order appointing the guardian. The guardian has qualified by executing and filing his oath of office together with the required and approved bond. Letters of guardianship have been issued to him. His power and authority have not been disturbed by the order. The order is purely procedural. It does not affect any of the guardian's legal rights, nor does it affect the subject matter of the guardianship. Such an order is not appealable as affecting the substantial rights of the guardian. Langer v. Gray, 73 N.D. 437, 15 N.W.2d 732; Grinwald v. Mayer, 207 Wis. 416, 241 N.W. 375; Rahn v. Gunnison, 12 Wis. 528 (Reprint 588). For comparison see In re Seem's Estate, 341 Pa. 198, 19 A.2d 60; Bank of Hartshorne v. Davis, 178 Okl. 336, 62 P.2d 1261;

Kearney v. Snodgrass, 12 Or. 311, 7 P. 309; Fisk v. Henarie, 15 Or. 89, 13 P. 760.

The order of the district court dismissing the appeal from county court is affirmed.

GRIMSON, C. J., and SATHRE, JOHNSON, and BURKE, JJ., concur.